**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT K. DECKER,

       Plaintiff,

v.                                  Case No. 19-11654

40 UNKNOWN DEA, FBI,
U.S. MARSHALS, IRS AGENTS,

       Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND,**
**MOTION FOR SUBSTITUTION OF PARTIES, AND**
**REQUEST TO CORRECT A CLERICAL ERROR**
**AND DIRECTING PLAINTIFF TO PROVIDE THE COURT WITH THE**
**ADDRESSES OF THE DEFENDANTS NAMED IN THE AMENDED COMPLAINT**

**I. INTRODUCTION**

Plaintiff Robert K. Decker is a federal inmate currently housed at the Federal

Correctional Institution in Terre Haute, Indiana. This matter has come before the court

on Plaintiff's *pro se Bivens* complaint for money damages based on alleged violations of

his Fourth Amendment rights. Also pending before the court is Plaintiff's motion to

amend his complaint, motion for substitution of parties, and request for the court to

correct a clerical error in the proposed amended complaint, which Plaintiff attached to

his motion to amend.

In his initial complaint, filed on June 5, 2019, Plaintiff describes the defendants as

"40 unknown DEA, FBI, US Marshals, [and] IRS agents." (ECF No. 1, PageID.1.)

Plaintiff alleges that the defendants violated his rights under the Fourth Amendment by

illegally searching two of his former residences in Detroit, Michigan on August 18, 2016.

He contends that agents broke the doors to his homes without a search warrant, destroyed personal property located in the homes, and failed to secure the houses when they left the premises. Other individuals then stole his personal possessions.

On August 6, 2019, plaintiff filed a motion to amend his complaint, which included as an attachment his proposed amended complaint, and a motion for substitution of parties. The motion to amend seeks "to remove surplusage and misjoined claims" from the initial complaint. (ECF No. 8, PageID.39.) The three claims in the amended complaint assert that the defendants (1) violated Plaintiff's Fourth Amendment rights, (2) are liable for everything stolen from Plaintiff's residences, and (3) caused Plaintiff to suffer financial loss, personal loss, hardship, and serious emotional distress. (*Id.* at PageID.45–46.)

The motion to substitute seeks to replace the unnamed agents referenced in the initial complaint with the following individuals: D.E.A. Special Agent Lilita Infante; T.F.O. Jason Hayes or Heyes; U.S.P.I.S Inspector Rafael Garcia; F.B.I. SWAT SA Troy Wohlfert; SA Jason Williamson; U.S.P.I.S. Inspector Michael Turner; F.B.I. SA Stephen Mason; F.B.I. SA Carlos Goris; U.S.P.I.S. Inspector Todd Ziobro; T.F.O. Daniel Jones; I.R.S. SA Jeff Riedell; I.R.S.; SA Carly Klein; D.E.A. SA Stephen Popp; I.R.S. SA Santiago Aquino; F.B.I. SA Ryan Ormond; C.S.I. Agent Neville Barrant; F.B.I. SWAT Nicolas Zambeck; and T.F.O. Jeff Motyka.

## II. DISCUSSION

### A. Motions to Amend and for Substitution of Parties

The Federal Rules of Civil Procedure provide that a party may amend his pleading once as a matter of course within 21 days of serving the pleading or within 21

days of service of a responsive pleading or motion filed under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). The initial complaint has not been served on any of the defendants. Therefore, Plaintiff is entitled to amend his complaint as a matter of right, and the court will grant Plaintiff's motion to amend and motion for substitution of parties. Additionally, the court will direct the Clerk of Court to amend the docket by substituting the defendants named in the amended complaint for the defendants named in the initial complaint.

## B. Request to Correct a Clerical Error

In his letter request filed on September 16, 2019, Plaintiff asks the Clerk of Court to correct a clerical error in the second paragraph on page 2 of the amended complaint. The date mentioned in that paragraph is August 18, 2019. Plaintiff contends that the actual date in question is August 18, 2016. (ECF No. 10, PageID.51.) The corrected date is consistent with the facts set forth in the preceding paragraph on page 2 of the amended complaint. Accordingly, the court will grant Plaintiff's request to correct his clerical error and takes note of the correction.

## C. The *Bivens* Claim

Plaintiff was granted permission to proceed without prepaying the fees and costs for this action. (ECF No. 6.) Under the Prison Litigation Reform Act of 1996, a federal district court must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff brings his amended complaint under the Fourth Amendment to the United States Constitution, which "protects '[t]he right of the people to be secure . . . against unreasonable searches and seizures.'" *United States v. Christian*, 925 F.3d 305, 315 (6th Cir. 2019) (quoting U.S. Const. amend. IV), *cert. denied*, 205 L. Ed. 2d 233 (2019). In *Bivens*, the Supreme Court held that,

> an implied damages remedy is available to redress Fourth Amendment injuries. 403 U.S. at 389, 396, 91 S. Ct. 1999. It is a "limited, implied cause of action against federal employees for particularly egregious violations of the Fourth Amendment in an unlawful search and seizure case brought by a private citizen." *Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 774 (6th Cir. 2014). The "core holding of *Bivens*," the Supreme Court later instructed, is "recognizing in limited circumstances a claim for money damages against federal officers who abuse their constitutional authority." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001).

*Jacobs v. Alam*, 915 F.3d 1028, 1035 (6th Cir. 2019). "Following *Bivens*, . . . the Supreme Court . . . has 'adopted a far more cautious course' in finding implied causes of action." *Id.* at 1036 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017)). Nevertheless,

> *Bivens* is settled law . . . in th[e] common and recurrent sphere of law enforcement, and the undoubted reliance upon it as a fixed principle in the law, are powerful reasons to retain it in that sphere. Thus, *Ziglar* is not about restricting the core of *Bivens*; it continues the Supreme Court's trend of cautioning against expanding its outer reaches.

*Id.* at 1037 (internal citation and quotation omitted).

Plaintiff is not asking the court to apply *Bivens* in a new context, and his case is not different in a meaningful way from *Bivens*. Like the plaintiff in *Bivens*, Plaintiff alleges a violation of the Fourth Amendment based on federal agents' search of his residences without a search warrant. As such, his claim is a "run-of-the-mill challenge[] to 'standard law enforcement operations' that fall well within *Bivens* itself." *Jacobs*, 915 F.3d at 1038. Although he has not alleged what each

named individual in his amended complaint did to violate his constitutional rights,

"[p]laintiffs who are unable to pinpoint precisely which named defendant did what,

even where the defendants did not intentionally conceal their identities, still have

an interest in the vindication of their constitutional rights." *Fazica v. Jordan*, 926

F.3d 283, 293 (6th Cir. 2019). Thus, the court concludes that Plaintiff's Fourth

Amendment claim should be permitted to proceed because it is not clearly

frivolous.

### D. Service of Process

Finally, the court turns to the issue of how to effectuate service of process.

Because Plaintiff has been permitted to proceed as an indigent plaintiff, "the court may

direct that service be made by a United States marshal or deputy marshal or by a

person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). In other words,

> when a plaintiff is proceeding in forma pauperis the court is obligated to
> issue plaintiff's process to a United States Marshal who must in turn
> effectuate service upon the defendants, thereby relieving a plaintiff of the
> burden to serve process once reasonable steps have been taken to
> identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Although Plaintiff's amended complaint identifies 18 defendants by name,

Plaintiff has not provided the court with the defendants' addresses. The court may order

Plaintiff to provide the court with the defendants' addresses, as the court is not obligated

to actively seek the defendants' addresses in order to effectuate service. *See Fitts v.

Sicker*, 232 F. App'x 436, 443–44 (6th Cir. 2007).

Accordingly, the court will give Plaintiff 30 days to provide the court with the

addresses of the 18 defendants named in his amended complaint. On receipt of the

defendants' addresses, the court will direct the United States Marshal to effectuate service of the amended complaint on the defendants.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's motion to amend (ECF No. 8) and motion for substitution of parties (ECF No. 9) are GRANTED. The Clerk of Court is directed to docket the exhibit attached to the motion to amend (ECF No. 8, PageID.40–47) as the amended complaint. Additionally, the Clerk of Court is direct to amend the docket for this case by substituting the defendants listed in the amended complaint for the defendants named in the initial complaint.

IT IS FURTHER ORDERED that Plaintiff's "Request to Correct a Clerical Error" (ECF No. 10) is GRANTED. The court takes note of Plaintiff's request.

ADDITIONALLY, IT IS ORDERED that Plaintiff provide the court with the addresses for each of the 18 defendants named in the amended complaint within **30 days**. Following receipt of the addresses, the court will direct the United States Marshal to arrange for service of the appropriate papers on the defendants. Any failure by Plaintiff's to comply with this order could result in the dismissal of the complaint.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\19-11654.DECKER.preliminary motions.BH.HEK.2.docx