UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER

                Plaintiff,

v.

LILITA INFANTE, *et al*.,

                Defendants.
_____/

Case No.: 19-11654

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 59, 84), PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (ECF No. 63) AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (ECF No. 64)**

### I.  PROCEDURAL HISTORY

Plaintiff Robert K. Decker ("Plaintiff") filed this prisoner civil rights suit on June 5, 2019, without the assistance of counsel. (ECF No. 1). This case was brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), against federal agents for alleged violations of the Fourth Amendment to the United States Constitution. Plaintiff later amended his complaint (ECF No. 15). Defendants Santiago Aquino, Neville Barrant, Raphael Garcia, Carlos Goris, Carly Klein, Stephen Mason, Ryan Ormond, Jeff Riedell, Michael Turner, Troy Wohlfert, Nicolas Zambeck, and Todd Ziobro ("Defendants") moved to dismiss the amended complaint. (ECF No. 59). Plaintiff moved to voluntarily dismiss

some defendants. (ECF No. 63). Plaintiff then moved for leave to file a third amended complaint to remove unnecessary defendants and pleadings. (ECF No. 64, PageID.401). Defendant Stephen Popp moved to dismiss Plaintiff's second amended complaint (ECF No. 84) and Plaintiff responded (ECF No. 92). This case was referred to the undersigned for all pretrial proceedings. (ECF No. 91).

For the reasons discussed below, the undersigned **RECOMMENDS** that Defendants' motions to dismiss (ECF Nos. 59, 84) be **DENIED AS MOOT**, Plaintiff's motion to voluntarily dismiss (ECF No. 63) be **DENIED AS MOOT**, and Plaintiff's motion for leave to file third amended complaint (ECF No. 64) be **GRANTED IN PART** and **DENIED IN PART**.

## II.   BACKGROUND

In the operative complaint, Plaintiff alleges Defendants tried to arrest Plaintiff at his home at 5745 Artesian Street while he was away. (ECF No. 15, PageID.86, ¶ 1). After no one answered the door, Defendants bashed in the front and side doors of Plaintiff's home. (*Id.*). Plaintiff contends Defendants were only in possession of an arrest warrant at the time. Defendants destroyed Plaintiff's personal belongings and garage during their illegal search. (*Id.*).

Plaintiff called the house at about 6:00 am and asked to speak with whoever was in charge. (*Id.* at PageID.87, ¶ 2). Special Agent Lilita Infante took the call and explained that they were searching the residence. (*Id.*). Upon Plaintiff's

2

request, Agent Infante showed Plaintiff their warrant. She then explained that Plaintiff must surrender at the local United States Marshal's office and Plaintiff agreed. (*Id.*).

At about 9:15 a.m. the agents then went across the street to Plaintiff's other home at 5754 Artesian Street, bashing in the front and side doors. (*Id.* at PageID.88, ¶ 3). The agents destroyed more of Plaintiff's property and confiscated items without a search warrant, a violation of the Fourth Amendment. (*Id.*). The agents also left Plaintiff's homes unsecure, leaving the homes vulnerable to burglary. (*Id.* at PageID.90, ¶ 12). Plaintiff seeks damages from Defendants under the Fourth Amendment and *Bivens* for illegally searching his two homes, destruction of property, and leaving his homes unsecured. (*Id.* at PageID.90-92).

In Plaintiff's proposed amended complaint, he alleges that Defendants Lilita Infante, Jason Hayes, Raphael Garcia, Stephen Mason, Carlos Goris, Carly Klein, Stephen Popp, Santiago Aquino, and Jeff Motka ("Proposed Defendants") searched Plaintiff's property at 5754 Artesian Street, the second home, without first obtaining a search warrant. (ECF No. 64, PageID.402, ¶ 1). The Proposed Defendants breached Plaintiff's property at about 9:15 a.m. (*Id.* at PageID.403, ¶ 6). The Proposed Defendants destroyed property and left the home unsecure, leaving it vulnerable to burglary. (*Id.* at ¶ 8). Plaintiff alleges that all Proposed Defendants knew or should have known that they only had a warrant to search

3

5745 Artesian Street. They failed to obtain a warrant before crossing the street and breaching 5754 Artesian Street. (*Id*. at PageID.405-22). The Proposed Defendants later obtained a warrant and reported that they executed the search at 4:00 p.m. (*Id*. at PageID.403, ¶ 6).

## III. ANALYSIS AND RECOMMENDATIONS

A. Standard of Review

When deciding a motion to dismiss under Rule 12(b)(6), the Court should "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the

4

strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B. <u>Motion for Leave to File Third Amended Complaint (ECF No. 64)</u>

Plaintiff moves for leave to file his amended complaint under Fed. R. Civ. P. 15(a). (ECF No. 64, PageID.400). Plaintiff contends his amended complaint removes unnecessary parties and pleadings and conforms to Fed. R. Civ. P. 8. (*Id.* at PageID.401). So Plaintiff seeks leave to amend his complaint under Fed. R. Civ.

P. 15 and *Foman v. Davis*, 371 U.S. 178, 182 (1962). (*Id.*). Defendants contend Plaintiff's proposed amended complaint is futile because it does not state a plausible Fourth Amendment violation. (ECF No. 66, PageID.436). A search warrant was issued on August 16, 2016 at 2:20 p.m. and entry was made into the home at about 4:00 p.m. Thus, a warrantless search did not occur and there was no constitutional violation. So Plaintiff's motion for leave to file another amended complaint should be denied. (*Id.* at PageID.437). Plaintiff reiterates his request for leave to amend in reply. (ECF No. 74).

Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a)(2). There are several factors the Court can consider in determining a motion to amend, including: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

The Court need not grant leave to amend where the amendment would be futile. *Foman*, 371 U.S. at 182. Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23

6

(6th Cir. 1980)). A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that almost all Proposed Defendants, excluding Lilita Infante, are liable for property damage, and failing to secure the premises by participating in the search.[1] (ECF No. 64, PageID.406-22). Property damage and exposure to burglary provide a new context for *Bivens* claims. So the undersigned will address these claims below.

In *Bivens*, the Supreme Court of the United States established that an individual may seek monetary damages from a federal official in his or her individual capacity for an alleged violation of the Fourth Amendment's prohibition on unreasonable search and seizure, even with no statutory authority. *Bivens*, 403 U.S. at 396-97. The Supreme Court has limited the applicability of *Bivens* to only a handful of constitutional violations, the *Bivens* trilogy. *See, e.g., Id.* at 396 (providing a remedy for violations under the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (providing a *Bivens* remedy against a member of Congress for gender discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14, 18-21 (1980) (providing a *Bivens*

---

[1] The Proposed Defendants do not address Plaintiff's property claims in their response to his motion to amend.

remedy for failure to provide adequate medical treatment under the Eighth Amendment Cruel and Unusual Punishments Clause). "Since 1980, [] the Supreme Court has 'consistently refused to extend *Bivens* liability to any new context or new category of defendants.'" *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

"[T]he Supreme Court devised a two-part inquiry to determine when we should engage in the 'disfavored judicial activity' of recognizing a new *Bivens* action." *Id.* "First, we ask whether the claim arises in a new *Bivens* context." *Id.* The context is considered "new" "if it differs in virtually any way from the *Bivens* trilogy." *Id.* Plaintiff's claims for property damage and theft do not resemble the trilogy. *See Bivens*, 403 U.S. at 396 (unreasonable search under the Fourth Amendment); *Davis*, 442 U.S. at 248-49 (gender discrimination under the Fifth Amendment); *Carlson*, 446 U.S. 14, 18-21 (deliberate indifference under the Eighth Amendment).

If the context differs, the second question is whether any special factors counsel against extending a cause of action. *Elhady*, 18 F.4th at 883. The Supreme Court streamlined the two-step framework to a single question: "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *United*

8

*States v. Stanley*, 483 U.S. 669, 681 (1987)).  Congress created an alternative remedy scheme for property damage and theft caused by federal agents during an investigation.  31 U.S.C. § 3724(a) provides in pertinent part:

> The Attorney General may settle, for not more than $50,000 in any one case, a claim for personal injury, death, or *damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer as defined in section 2680(h) of title 28 who is employed by the Department of Justice acting within the scope of employment that may not be settled under chapter 171 of title 28.*

(emphasis added).  Plaintiff alleges that the Proposed Defendants are liable for property damage, and negligently leaving Plaintiff's home vulnerable to property theft.  (ECF No. 64, PageID.406-22).  The Proposed Defendants were all FBI, DEA, and IRS special agents participating in a federal criminal investigation on behalf of the Department of Justice.  Thus, Plaintiff already has a remedy for damage or loss of property during a federal criminal investigation.  31 U.S.C. § 3724(a).  Since Congress already provided Plaintiff a remedy, *Bivens'* special factors counsel against extending a *Bivens* cause of action to Plaintiff's property damage and property theft claims.  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017) ("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action.").

Plaintiff's new property damage and property theft claims would not survive a Fed. R. Civ. P. 12 (b)(6) motion to dismiss, as he fails to state valid *Bivens*

9

claims. Thus, the Court need not grant Plaintiff leave to add these new claims, as they would be futile. *Foman*, 371 U.S. at 182. So the undersigned recommends that Plaintiff's motion for leave to file a third amended complaint (ECF No. 64) be **DENIED IN PART** as to the property damage and theft claims.

Plaintiff's remaining claims against the Proposed Defendants are for a warrantless search of his home at 5754 Artesian Street. (ECF No. 64, PageID.405-22). These claims fit within *Bivens*, as Plaintiff seeks damages for a warrantless search under the Fourth Amendment. (*Id*. at PageID.405-22). *See Bivens*, 403 U.S. at 396-97 (holding plaintiffs can recover damages for warrantless search of home). So there is no need to examine whether *Bivens* extends to this context.

Proposed Defendants contend Plaintiff's warrantless search claims are futile because public records confirm there was a warrant to search 5754 Artesian. (ECF No. 66, PageID.436). They also assert that the report of investigation confirms they entered the home at 4:00 p.m., about an hour and forty minutes after they obtained the warrant at 2:20 p.m. (*Id*.). Thus, Plaintiff failed to plead a valid Fourth Amendment claim. But as Plaintiff notes in reply, Plaintiff alleges that Defendants searched his property at 5754 Artesian well before they obtained the warrant. (ECF No. 74, PageID.479). Plaintiff alleges Defendants "breached the property at 5754 Artesian Street at 9:15 a.m. (approximately)." (ECF No. 64,

PageID.403). This alleged "breach" of Plaintiff's property was hours before agents obtained the search warrant at 2:20 p.m. (ECF No. 66, PageID.436).

In reviewing Plaintiff's proposed third amended complaint under Fed. R. Civ. P. 12 (b)(6), the undersigned must accept all Plaintiff's allegations as true. *Keys*, 684 F.3d at 608. So if agents did in fact search Plaintiff's home at 5754 Artesian before obtaining a valid warrant, this was a warrantless search. Plaintiff has pled a valid *Bivens* claim in his third amended complaint. *Bivens*, 403 U.S. at 396-97 (claim for warrantless search of home valid cause of action under Fourth Amendment). Thus, his warrantless search claim against the Proposed Defendants is not futile. *Foman*, 371 U.S. at 182. Since Rule 15(a) requires that "leave shall be freely given" to amend, Plaintiff should be granted leave. Fed. R. Civ. P. 15 (a)(2). So the undersigned recommends that Plaintiff's motion for leave to file third amended complaint (ECF No. 64) should be **GRANTED IN PART** as to his warrantless search claims.

C. <u>Motions to Dismiss Second Amended Complaint (ECF Nos. 59, 84)</u>

Defendants moved to dismiss Plaintiff's second amended complaint under Fed. R. Civ. P. 12(b)(6). (ECF No. 59). Defendant Stephen Popp joined Defendants' pending motion to dismiss (ECF No. 59), concurring with their request (ECF No. 84) and Plaintiff replied (ECF No. 92). Plaintiff moved for leave to file a third amended complaint. (ECF No. 64). As detailed above, the

undersigned recommends that Plaintiff's motion for leave to file his third amended complaint be granted in part. If the undersigned's recommendation is adopted, Plaintiff's third amended complaint will be the operative complaint. "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Plaintiff's third amended complaint would supersede the second amended complaint, making the motions to dismiss the second amended complaint moot. *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citation omitted). Thus, the undersigned **RECOMMENDS** that Defendants' motions to dismiss (ECF No. 59) and Defendant Stephen Popp's motion to dismiss (ECF No. 84) be **DENIED AS MOOT**. The third amended complaint should be the operative complaint.

D. <u>Motion to Voluntarily Dismiss Defendants (ECF No. 63)</u>

Plaintiff asks the Court to voluntarily dismiss Troy M. Wohlfert, Ryan Ormond, Nicolas Zambeck, Todd Ziobro, Michael Turner, Daniel Jones, Jason Williamson, Jeffrey Riedell, and Neville Barrant from his complaint. (ECF No. 63, PageID.397-98). Plaintiff admits that these defendants were not personally involved in the search at issue, so they should be dismissed from this case. (*Id.* at PageID.398). Defendants agree with Plaintiff's request but ask that they be dismissed with prejudice. Since Plaintiff admits Defendants were not personally

involved with any alleged constitutional violation, Defendants contend they should be dismissed under Fed. R. Civ. P. 12(b)(6) with prejudice. (ECF No.65, PageID.428) (citing ECF No. 59). Plaintiff already removed these Defendants from his third amended complaint, and the undersigned recommends that it should be the operative complaint. So Plaintiff's motion to voluntarily dismiss Defendants (ECF No. 64) should be terminated as **MOOT**.

### IV. RECOMMENDATION

For the reasons above, the undersigned **RECOMMENDS** that Defendants' motions to dismiss (ECF Nos. 59, 84) be **DENIED AS MOOT**, Plaintiff's motion to voluntarily dismiss (ECF No. 63) be **DENIED AS MOOT**, and Plaintiff's motion for leave to file third amended complaint (ECF No. 64) be **GRANTED IN PART** and **DENIED IN PART**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 11, 2022                                s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 11, 2022.

                                                s/Kristen MacKay
                                                Case Manager
                                                (810) 341-7850