UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT K. DECKER<br>    Plaintiff, | Case No.: 19-11654 |
| v. | Matthew F. Leitman<br>United States District Judge |
| LILITA INFANTE, *et al.*,<br>    Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONDUCT LIMITED DISCOVERY (ECF No. 80)

Plaintiff Robert K. Decker ("Plaintiff") moved to conduct limited discovery to find the address of Defendant Jason Hayes. (ECF No. 80). This case was referred to the undersigned all pretrial matters. (ECF No. 91). Plaintiff had until January 6, 2022 to provide Jason Hayes' address. (ECF No. 76). On December 23, 2021, Plaintiff moved for leave to conduct limited discovery to find Mr. Hayes' address. In his motion, Plaintiff explains he does not have the necessary resources to find Mr. Hayes' address while incarcerated. So he asks for leave to conduct limited discovery, or in the alternative another thirty days to provide Mr. Hayes' address. (ECF No. 80, PageID.575).

Federal Rule of Civil Procedure 6(b)(1) permits the court, where there is good cause, to extend the time to act if a request is made before the original time or its extension expires. Fed. R. Civ. P. 6(b)(1)(A). Plaintiff moved for limited

discovery before the address was due. The undersigned can and will allow Plaintiff more time to find the address.

Generally, parties may not seek discovery before they have conferred as required by Fed. R. Civ. P. 26(f). Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)." Fed. R. Civ. P. 26(d)(1). Proceedings exempt from initial disclosures include cases brought without an attorney by a person in the custody of the United States, like Mr. Decker. Fed. R. Civ. P. 26(a)(1)(B). Typically, in a prisoner civil rights case, discovery commences on the issuance of a case management order after the defendants have answered the complaint. The issue of which complaint is the operative complaint is still pending, so no answers have been filed and it is not time for discovery. As a result, the request to conduct limited discovery will be denied. Even still, as mentioned above, Plaintiff may have more time to provide Jason Hayes' address.

For these reasons, Plaintiff's motion to conduct limited discovery (ECF No. 80) is **GRANTED IN PART,** and Plaintiff has until **October 10, 2022** to provide the address for Jason Hayes.

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

Date: August 11, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 11, 2022.

s/Kristen MacKay
Case Manager
(810) 341-7850