UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT K. DECKER<br>　　　　　　　Plaintiff,<br><br>v.<br><br>LILITA INFANTE, *et al.*,<br><br>　　　　　　　Defendants.<br>_____/ | Case No.: 19-11654<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSE TO SUBPOENA (ECF No. 96)

Plaintiff Robert K. Decker ("Plaintiff") filed this civil rights case without the assistance of counsel on June 5, 2019. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 91). The Court adopted the undersigned's Recommendation that Plaintiff's motion to file his Third Amended Complaint be granted in part. Plaintiff was Ordered to file his Third Amended Complaint by October 31, 2022, and Defendants are to answer or respond in due course. (ECF No. 97, PageID.638). Plaintiff moved for an order compelling Comcast and Verizon to produce security records for his property under Fed. R. Civ. P. 45(a)(1)(D) (ECF No. 96) and Defendants responded (ECF No. 98). There is no indication that Plaintiff served subpoenas on either third-party or that either third-party did not timely respond.

At any rate, any discovery at this point in litigation is premature. In prisoner civil rights litigation, discovery typically commences after the court issues a scheduling order setting discovery and dispositive motion deadlines after the defendants answer the complaint. Defendants have yet to file an answer and the Court has not entered a scheduling order. The Court will issue a scheduling order after the defendants answer Plaintiff's Third Amended Complaint. After the parties receive the scheduling order, discovery responses will become expected in due course. Plaintiff's motion for subpoena is improper now.

The motion is also improper because Plaintiff did not send the subpoenas to the third parties. The attempt to obtain discovery by requesting a Court order first is improper under Eastern District of Michigan Local Rule 26.2 and Fed. R. Civ. P. 5(d)(1).[1] Discovery requests must be made in accordance with Fed. R. Civ. P. 26 through 37 and 45 when the time for discovery begins. *See* Fed. R. Civ. P. 26-37, 45. That is, discovery requests must be directed to the defendants and third parties, not filed with the Court. Plaintiff's motion is an improper means of submitting discovery.

---

[1] While Plaintiff is representing himself, he is still expected to adhere to the rules governing litigation in this court. *West v. Saginaw Twp. Police Dep't.*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014) (a *pro se* plaintiff is "not excused from failing to follow the Federal Rules of Civil Procedure"); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure."); *Kitchen v. Corizon Health Inc.*, 2018 WL 286425, at *4 (W.D. Mich. Jan. 4, 2018) ("The Federal Rules of Civil Procedure bind even *pro se* individuals.").

For these reasons, Plaintiff's motion for subpoena *duces tecum* (ECF No. 96) is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 8, 2022　　　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 8, 2022.

            s/Kristen MacKay
            Case Manager
            (810) 341-7850