UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT K. DECKER, | Case No. 19-11654 |
|                   Plaintiff, | |
| v. | Matthew F. Leitman |
| | United States District Judge |
| LILITA INFANTE, *et al.*, | |
|                   Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

**ORDER REGARDING SERVICE; PLAINTIFF'S MOTION TO EXTEND**
**(ECF Nos. 137; 139; 140)**

This matter is presently before the Court regarding ongoing issues with service of the Defendants and Plaintiff's motion to extend. (ECF Nos. 137; 139; 140).

     I.     *Plaintiff's Letter Regarding Service of Defendant Infante*

On April 12, 2023, Plaintiff wrote the Court saying that Defendant Lilita Infante could be found at either the Miami, Florida field office of the Drug Enforcement Administration ("DEA") or the Palm Beach, Florida field office of the DEA. (ECF No. 137). The United States Marshal Service ("USMS") has already attempted service of Defendant Infante at the Miami field office of the DEA. (ECF No. 37, PageID.205). Service of Infante has not been attempted at the Palm Beach field office of the DEA.

1

Plaintiff is **ORDERED** to provide the Court with the address for the Palm Beach, Florida field office of the DEA by **May 22, 2023,** so service of Defendant Infante may be attempted.

II.     *Plaintiff's Motion for Service of the United States*

On April 21, 2023, Plaintiff moved for service of the United States pursuant to Fed. R. Civ. P. 4 (i)(1). (ECF No. 139, PageID.924). In the motion, Plaintiff provided the address for the Attorney General of the United States, which appears to satisfy Fed. R. Civ. P. 4(i)(1)(B). Plaintiff also conveyed a copy of the summons and complaint should be served on "the civil process clerk at the United States Attorney's Office" regarding Fed. R. Civ. P. 4(i)(1)(A)(ii). Plaintiff failed to provide the address for the United States Attorney's Office for the Eastern District of Michigan and the Court cannot order service without a complete address for that office.

Plaintiff's motion for service is **DENIED** because the information provided is insufficient. (ECF No. 139). Plaintiff must first supply this Court with all the information needed for service of the United States in a single filing. Plaintiff is **DIRECTED** to provide the Court with one document which provides all the information necessary to effectuate service on the United States by **May 22, 2023**.

III.    *Motion for Extension of Time*

2

On April 24, 2023, Plaintiff filed a motion for extension of time to provide the addresses where service may be effectuated on Defendants Carole Goris, Lilita Infante, Jeff Motyka, and Jason Hayes. (ECF No. 140). Plaintiff indicates the Court's April 3, 2023, Order for the addresses was delayed and he received it April 14, 2023. (*Id.*). He also asserts he has solicitated a paralegal service to try to obtain the addresses for all the unserved Defendants. (*Id.*).

Fed. R. Civ. P. 6(b)(1)(A) permits the court to extend the time to act if good cause is shown where, as here, the request is made before the time to act has expired. Plaintiff made his request before his response was due and there is good cause to extend the deadline. The motion is **GRANTED IN PART**. (ECF No. 140). The addresses where service may be effectuated on Defendants Carole Goris, Lilita Infante, Jeff Motyka, and Jason Hayes are due by **May 22, 2023**.

Plaintiff is cautioned that this matter must be adjudicated in a timely matter. The decision to extend a time limit is within the discretion of the district court. *Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013). This matter has been pending since June 5, 2019, and must move forward promptly.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

3

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 25, 2023                          s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2023, by electronic means and/or ordinary mail.

                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850