UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,                                    Case No. 19-11654
                         Plaintiff,
v.                                                   Matthew F. Leitman
                                                     United States District Judge

LILITA INFANTE, *et al.*,
                         Defendants.                 Curtis Ivy, Jr.
_____/                    United States Magistrate Judge

### ORDER ON OUTSTANDING MATTERS (ECF Nos. 142; 143).

This matter is presently before the Court regarding ongoing issues with Plaintiff's complaint and Plaintiff's motion to appoint counsel. (ECF Nos. 142; 143). This case was filed on June 5, 2019, and has been stalled because of repeated and unremitting issues with service and attempts to amend.

I.       *Issues with Plaintiff's Complaint*

On April 26, 2023, Plaintiff filed a motion for a court order to correct a "clerical error[.]" (ECF No. 142). In the motion Plaintiff asserts he "has discovered that the Defendant Carole Goris is indeed Carlos R. Goris and [Carlos Goris] has been served already in the above entitled case." (*Id.* at PageID.937). Plaintiff "seeks for a Court Order to correct the record and change the name to Car[lo]s R. Goris in the above entitled case." (*Id.*).

In the operative complaint (ECF No. 135) Plaintiff named Carole Goris as a Defendant and failed to name Carlos Goris. (ECF No. 135). Plaintiff's previous

complaints have named Carlos Goris as a Defendant.  (ECF No. 8; 15; 122).

Because the operative complaint did not name Carlos Goris, he was terminated as a

party to this lawsuit.  Plaintiff is now seeking to correct his "oversight" in the

operative complaint (ECF No. 135) and change the Defendant's name from Carole

Goris to Carlos Goris.  (ECF No. 142).  Plaintiff's motion is **DENIED**.  (ECF No.

142).

The proper method to add defendants, which is what Plaintiff seeks to do

here, is to amend the complaint and add parties.  Plaintiff would have to seek leave

to file an amended complaint and file an accompanying proposed amended

complaint.  Plaintiff **may** file a motion to amend by **May 22, 2023**, but is advised

the Court may not grant the motion to amend given the repeated failure to cure

deficiencies by previous amendments.  Plaintiff is advised that the Court will **not**

find good cause to extend this deadline because Plaintiff has already had several

opportunities to file amended complaints and the Court warned Plaintiff he should

draft carefully before he filed his most recent amended complaint.

The Court notes that Plaintiff's time and energy is perhaps better spent on

developing the *substantive issues* of this litigation and resolving the outstanding

service issues rather than seeking leave to amend to add one extra party.  This may

be a time in which "the juice ain't worth the squeeze."  *Mitchell v. Dixon*, No.

4:21-CV-389-MW-MJF, 2022 WL 18864871, at *11 (N.D. Fla. Nov. 16, 2022),

*report and recommendation adopted sub nom. Mitchel v. Dixon*, No. 4:21CV389-MW/MJF, 2023 WL 2250310 (N.D. Fla. Feb. 27, 2023).  This case cannot continue to remain stalled based on Plaintiff's repeated attempts to amend his complaint.  Should Plaintiff decide to dismiss Defendant Carole Goris and focus on pursuing his case against the other Defendants, he should file a notice of voluntary dismissal noting he wishes to voluntarily dismiss only Defendant Carole Goris.

The deadline for all Defendants who have been served to date to answer the operative complaint remains May 18, 2023.

The deadline for Plaintiff to provide addresses remains May 22, 2023, per the Court's April 25, 2023, Order.  (ECF No. 141).

## II.     Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).  There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981).  With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances.").  To make the

determination whether there are exceptional circumstances to appoint counsel, the

Court considers the type of case involved, plaintiff's ability to represent himself, as

well as the complexity of the case, and also whether the claims being presented are

frivolous or have a small likelihood of success.  *Reneer*, 975 F.2d at 261; *see also*

*Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Though there are several Defendants here, Plaintiff's claims do not appear

exceedingly complex.  Also, his filings show he has an adequate understanding of

the issues involved, and he has an adequate understanding of litigation.  The

difficulties a prisoner-litigant may have in preparing the case and conducting

discovery "are present in every prisoner civil rights case" and such difficulties do

not require the appointment of counsel.  *Lafountain v. Martin*, 2009 WL 3255099,

at \*1 (W.D. Mich. Oct. 5, 2009).

For the reasons stated above, Plaintiff's motion for appointment of counsel

(ECF No. 143) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may refile the

motion if circumstances change, such as defeating or succeeding on a dispositive

motion.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are

required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as

error any defect in this Order to which timely objection was not made.  Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: April 28, 2023                          s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on April 28, 2023.


                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850