UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,                          Case No. 19-11654
                    Plaintiff,
v.                                         Matthew F. Leitman
                                           United States District Judge
LILITA INFANTE, *et al.*,
                    Defendants.            Curtis Ivy, Jr.
_____/          United States Magistrate Judge

## ORDER ON OUTSTANDING MATTERS (ECF Nos. 155; 156; 162; 163; 165; 166; 167; 168; 171; 173; 177; 179).

This case was filed June 5, 2019, and has been referred to the undersigned for all pretrial matters. (ECF Nos. 1; 45; 91). This matter is presently before the Court regarding Plaintiff's many motions and other outstanding matters. The Court will address each in turn.

### I.    Motion for Extension of Time to Provide Addresses (ECF No. 155)

On May 25, 2023, Plaintiff filed a motion for extension of time to provide the addresses of the three remaining unserved Defendants. (ECF No. 155). The undersigned notes there are four Defendants for whom service has been an issue and information for service of Defendants Carole Goris, Lilita Infante, Jeff Motyka, and Jason Hayes was due on May 22, 2023. (ECF No. 141, PageID.935). Plaintiff alleges that he hired a paralegal service to procure the addresses of these Defendants, but that the Federal Bureau of Prisons ("BOP") employee misplaced a

1

necessary form for processing payment of funds to the paralegal service.  (ECF No. 155, PageID.1114).  Plaintiff indicates this has since been corrected and the form has now been correctly processed.  (*Id.*).

Plaintiff's motion is dated before the deadline to respond expired and therefore filed within the time to do so.  Motions to extend time are governed by Rule 6(b)(1)(A), which states, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if the request is made before the original time or its extension expires."  The decision to extend a time limit is within the discretion of the district court.  *Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013).

While Plaintiff has established good cause for an extension, the motion is **DENIED AS MOOT**.  (ECF No. 155).  On May 15, 2023, Defendants Infante, Motyka, and Hayes, among others, filed a notice of substitution and appeared before the Court.  (ECF No. 152).  Pursuant to Local Rule 83.25, "[a]n attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance."  The Assistant United States Attorney ("AUSA") who filed the notice on behalf of Defendants Infante, Motyka, and Hayes did not file a limited appearance, so Defendants Infante, Motyka, and Hayes have appeared before the Court pursuant to Local Rule 83.25 and service of these Defendants is

no longer necessary.  The undersigned has also ordered service on Goris later in this Order.

## II.     Motion for Leave to File an Amended Complaint (ECF No. 156)

On May 25, 2023, Plaintiff moved to amend his complaint.  (ECF No. 156). For the following reasons, Plaintiff's motion is **DENIED**.

Fed. R. Civ. P. 15(a)(2) states that the "court should freely give leave [for a party to amend its pleading] when justice so requires."  "Because Rule 15(a) envisions liberal allowance of amendments to pleadings, there must be some substantial reason justifying denial of the motion."  *Sun Life Assurance Co. of Canada v. Conestoga Tr. Servs., LLC*, 263 F. Supp. 3d 695, 697 (E.D. Tenn. July 12, 2017) (citing *Smith v. Garden Way, Inc.*, 821 F. Supp. 1486, 1488 n. 2 (N.D. Ga. Mar. 26, 1993)).  There are several factors courts consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

As to the delay in filing, there has been a substantial delay in filing.  The conduct at issue occurred during August 2016 and this case was not filed until June 2019.  (ECF No. 1).  Plaintiff's instant motion to amend was filed on May 25, 2023, nearly four years after this case was filed on June 5, 2019.  (ECF Nos. 1;

156). The delay here is substantial by any measure. That said, "[d]elay *by itself* is not sufficient reason to deny a motion to amend." *Barth v. Hardinge, Inc.*, No. 09-CV-13667, 2011 WL 13208623, at *1 (E.D. Mich. Jan. 4, 2011) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)) (emphasis added) (further citation omitted).

As to notice, Plaintiff's proposed amended complaint involves the same conduct as his original complaint and his amendment seeks to add Carlos Goris as a Defendant. (ECF No. 156). Plaintiff's current operative complaint names Carole Goris and Plaintiff alleges this was an error. (*Id.*). As the motion to amend is primarily to correct a Defendant's name and the proposed amended complaint addresses the same conduct, the Court is satisfied the Defendants do not lack notice. Later in this Order, the Court has directed that Carlos Goris be substituted for Carole Goris. The undersigned notes that since Goris' name shall be corrected Plaintiff will suffer no prejudice as a result of denial of the motion to amend.

As to bad faith by the moving party, the Court notes Plaintiff does not appear to be proceeding in bad faith because he notes his motion is to correct a typographical error.

As to whether there has been repeated failures to cure deficiencies, there have been repeated failures to cure deficiencies. If granted, this would be

4

Plaintiff's fifth amended complaint.  When the undersigned granted Plaintiff's last

motion to amend, the undersigned noted:

> Plaintiff may file, on or before **March 26, 2023**, a Fourth Amended
> Complaint which complies with the Court's instructions. Plaintiff is
> cautioned that should he file an amended complaint the document
> submitted will be the **sole and exclusively controlling document** and
> the Court will not look beyond said document for any factual or legal
> support. The Court will not consider any factual or legal issues raised
> in previously filed complaints, motions, or any other filings. If
> Plaintiff choses to file an amended complaint, **Plaintiff's amended
> complaint will constitute the complaint in its entirety**. If Plaintiff
> files a controlling Fourth Amended Complaint in accordance with this
> order, the Court shall strike as moot the document filed on February 7,
> 2023. (ECF No. 119). Plaintiff is cautioned that his countless
> amendments and corrections are continuing to confuse and
> substantially delay the adjudication of his case. Plaintiff should draft
> carefully as his next submission will be considered the operative
> amended complaint.

(ECF No. 124, PageID.827) (emphasis original).  Plaintiff has been given several

opportunities to correct for deficiencies and was explicitly warned by the Court

that he should draft carefully because his Fourth Amended Complaint would be the

sole and exclusively controlling document.  This factor weighs in favor of denying

Plaintiff's motion to amend because Plaintiff has repeatedly failed to cure

deficiencies, despite explicit warnings from the Court.

As to undue prejudice, Defendants have not argued they will face any undue

prejudice as a result of this motion to amend because the Defendants did not file

any opposition to the motion.  Therefore, the undersigned shall treat this factor as

neutral.

As to futility, the claims do not appear futile because, again, this amendment primarily seeks to correct a typographical error.

Plaintiff's motion to amend is **DENIED**.  (ECF No. 156).  Plaintiff's substantial delay in bringing this motion to amend and his repeated failures to cure deficiencies are substantial reasons to justify denying the motion.  This matter has been pending for four years and must be resolved.  Again, the undersigned notes that since Goris' name shall be corrected Plaintiff will suffer no prejudice as a result of denial of the motion to amend.

### III.    Motions to Supplement the Record (ECF Nos. 162; 168)

On June 2, 2023, and June 6, 2023, Plaintiff filed motions to supplement the record.  (ECF Nos. 162; 168).  As far as a motion to supplement is not a cognizable motion, these motions are **DENIED**.

In the motion on June 2, 2023, Plaintiff reiterates the facts from his motion to extend and wishes to supplement the record with a form from the BOP indicating that he has remedied the situation.  (ECF No. 162).  In the motion from June 6, 2023, Plaintiff notes the agencies employing the unserved Defendants shared the Defendants are undercover officers.  (ECF No. 168).  Plaintiff asks the Court to order the agencies employing the Defendants to disclose the whereabouts of the Defendants to the Court only.  (*Id.* at PageID.1189).

### IV.    Motion for Appointment of Process Server (ECF No. 163)

On June 2, 2023, Plaintiff filed a motion for a process server to be appointed. (ECF No. 163). This motion is **DENIED**. As noted earlier, Defendants Infante, Motyka, and Hayes have now appeared before the Court so serving these Defendants is no longer necessary. (ECF No. 152).

## V.      Motion to Withdraw Motion to File an Amended Complaint (ECF No. 165)

On June 6, 2023, Plaintiff moved to withdraw his motion to file a new complaint against Defendants Jason Hayes and Jeff Motyka. (ECF No. 165). The Court has already denied Plaintiff's motion (ECF No. 148) to file a new complaint against Hayes and Motyka so his motion to withdraw that motion is **TERMINATED AS MOOT**. (ECF No. 165).

## VI.     Motion to Strike (ECF No. 166)

On June 6, 2023, Plaintiff moved to strike the Defendants' notice of substitution and the motion to dismiss. (ECF No. 166). Plaintiff argues that Defendants' motion to dismiss is not proper because the Court ordered the Defendants to answer the complaint. (*Id.* at PageID.1179). The Court notes the Defendants have filed a pre-answer motion to dismiss which is allowed pursuant to the Federal Rules of Civil Procedure. Since a motion to dismiss has been filed, the Court must address the dispositive motion before the Defendants are required to answer. As to the notice of substitution, Plaintiff does not make any arguments

about why the Court should strike the notice of substitution.  Plaintiff's motion to strike is **DENIED**.  (ECF No. 166).

### VII.   Motion for Court Order (ECF No. 167)

Plaintiff's June 6, 2023, motion is entitled simply "Motion for a Court Order" and appears to seek to perform service via publication on Defendants Infante, Hayes, and Motkya.  (ECF No. 167, PageID.1185).  The undersigned shall construe this motion as a motion for alternative service.

As noted earlier, Defendants Infante, Motyka, and Hayes have now appeared before the Court so serving these Defendants is no longer necessary.  (ECF No. 152).  Plaintiff's motion for alternative service is **DENIED AS MOOT**.  (ECF No. 167).

### VIII.  Motions for an Evidentiary Hearing (ECF Nos. 171; 173)

On June 12, 2023, and June 13, 2023, Plaintiff moved for an evidentiary hearing.  (ECF Nos. 171; 173).  In the June 12, 2023, motion, Plaintiff asks the Court to have an evidentiary hearing "to substantiate the facts of the motion to dismiss" and to "take testimony from witnesses in lieu to substantiate the facts[.]" (ECF No. 171, PageID.1205).  This motion is **DENIED**.  (ECF No. 171).  There is no indication that a hearing is necessary based on the threadbare assertions in Plaintiff's June 12, 2023, motion.  (*Id.*).

In the June 13, 2023, motion, Plaintiff cites to substantive case law related to whether Defendants were acting within the scope of their employment and seeks to have an evidentiary hearing to determine whether the federal officers were doing so.  (ECF No. 173, PageID.1277).  The Court shall construe this motion by Plaintiff as a challenge to the scope-of-employment certification filed with the notice of substitution on May 18, 2023.  (ECF No. 152).

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, commonly known as the "Westfall Act," immunizes United States employees from liability for their negligent and wrongful acts or omissions while acting within the scope of their office or employment.  28 U.S.C. § 2679(b)(1).  The Westfall Act was enacted to limit federal employees' liability under the Federal Torts Claim Act ("FTCA").  Juan R. Balboa, *The Westfall Act and Scope of Employment: The Role of the Attorney General*, 21 J. Legis. 125, 125 (1995).  The Westfall Act empowers the Attorney General to certify that any federal employee sued for wrongful or negligent conduct "was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose."  *Osborn v. Haley*, 549 U.S. 225, 230, 230 (2007) (quoting 28 U.S.C. § 2679(d)(1), (2)).  Once the United States is substituted, "[t]he litigation is thereafter governed by the Federal Tort Claims Act (FTCA)[.]"  *Id.*

That said, "an Attorney General's scope-of-employment certification is subject to review by the court, but plaintiffs challenging the certification must produce *some evidence* that the federal employees were acting outside the scope of their duties during the alleged acts." *Hale v. United States*, No. 22-10300, 2022 WL 17959233, at *1, n.2 (E.D. Mich. Dec. 27, 2022), *report and recommendation adopted*, No. 22-10300, 2023 WL 348332 (E.D. Mich. Jan. 20, 2023) (emphasis added) (further citation omitted).  The United States' certification serves as prima facie evidence that a defendant was acting within the scope of his employment and shifts "the burden on the plaintiff to present evidence to the contrary." *Rector v. United States*, 243 F. App'x 976, 978 (6th Cir. 2007).  Plaintiff presents no evidence to rebut the prima facie evidence that the Defendants were acting within the scope of their employment.  All Plaintiff offers is a bare request for a hearing on the scope-of-employment issue, which is insufficient. *Osborn v. Haley*, 549 U.S. 225, 231 (2007) (holding that the United States is substituted as defendant under the Westfall Act unless "the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment.").  As Plaintiff has presented no evidence in support of his argument, Plaintiff's motion is **DENIED**.  (ECF No. 173).

IX.    **Motion for Order (ECF No. 177)**

Plaintiff's June 23, 2023, filing is titled "Motion for a Court Order" and appears to request various forms of relief.  (ECF No. 177).  First, Plaintiff asks the Court to enter a judgment by default against the Defendants because they have not answered.  (*Id.* at PageID.1312).  As noted earlier in this Order, the Defendants moved to dismiss rather than an answer as allowed under the Federal Rules of Civil Procedure.  Moreover, 42 U.S.C. § 1997e(g)(1) bars any relief to a prisoner plaintiff  "unless a reply [to the complaint] has been filed."  In other words, default judgment for failure to respond to the complaint is unavailable to Plaintiff.

Next, Plaintiff requests a copy of the docket in this case and for the Clerk to provide him an updated copy of the docket every two weeks.  The Court does not provide updates of the docket to parties.

Finally, Plaintiff asks the Court to issue a subpoena *duces tecum* to Comcast and Verizon related to the records from Plaintiff's home.  Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.  (ECF No. 177).  While the Court does issue subpoenas for *pro se* plaintiffs, the Court does not do so until discovery commences.  In prisoner civil rights litigation, discovery typically commences after the Court issues a scheduling order setting discovery and dispositive motion deadlines after the Defendants answer the complaint.  Defendants have yet to file an answer and the Court has not entered a scheduling order.  The Court will issue a scheduling order after a ruling on the motion to dismiss and the Defendants answer

11

Plaintiff's complaint.  Plaintiff may move for subpoenas once a scheduling order has been entered.

### X.  Motion for Clarification (ECF No. 179)

On June 27, 2023, Plaintiff filed a "notice of motion for clarification[.]" (ECF No. 179).  Plaintiff indicates he wishes to clarify a prior motion, and states the clarification relates to his motion to dismiss.  (*Id.* at PageID.1320).  The undersigned notes that Plaintiff does not have a pending motion to dismiss in this matter.

Plaintiff argues "it just seems odd" that the investigation report for the searches of Plaintiff's properties repeatedly specifies the time the search occurred at one property, but neglects to state what time the search occurred at Plaintiff's other property.  (*Id.*).  Plaintiff also notes the correct spelling of Defendant Hayes' name is Hayes or Heyes.  (*Id.*).  Plaintiff also indicates he will seek to obtain the address of Defendant Jeff Motyka from the Warren Police Department.  (*Id.* at PageID.1321).

Plaintiff's motion for clarification is **DENIED**.  (ECF No. 179).  The Court cannot comb through the docket, read many entries, and cross reference countless corrections to follow Plaintiff's logic.  Under Eastern District of Michigan Local Rule 7.1, a response to a motion must include *a single brief*.  And a party must seek leave before filing a supplemental brief.  Any evidence accompanying said

12

brief must be attached to the brief and filed as one document.  Proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties appearing in federal court and compliance with the Local Rules and orders of the Court.

### XI.    Order for Clerk's Office to Substitute Carlos Goris for Carole Goris and for Service of Carlos Goris

Plaintiff maintains that he mistakenly used Carole Goris in the operative complaint, but that Carole Goris is actually Carlos Goris.  The Clerk's Office is now **DIRECTED** to substitute Defendant "Carlos Goris" for Carole Goris on the case caption.

The United States Marshals Service ("USMS") is directed to serve Defendant Carlos Goris by mailing a copy of the summons and complaint in accordance with the Michigan Court Rules for service of process.  The summons and complaint must be mailed to the Defendant by **registered or certified mail, return receipt requested, and delivery restricted to the** *addressee*.  Mich. Ct. R. 2.105(A).  Service of Carlos Goris is directed at 2030 SW 145th Street, Miramar, Florida 33027.  (ECF No. 37, PageID.201).  The summons is extended 60 days. Plaintiff is cautioned that if the USMS cannot effectuate service on the Defendant with the information provided, the onus remains on Plaintiff to discover and submit sufficient information for service of the Defendant he has named in his lawsuit.  In that event, Plaintiff may need to show good cause why this action should not be

13

dismissed, without prejudice, as against any Defendant that remains unserved after the expiration of the summons.

## XII.   Order for Defendants to Answer

As discussed earlier in this order, Defendants Infante, Motyka, and Hayes have appeared before the Court.  (ECF No. 152).  These Defendants are **ORDERED** to answer the operative complaint (ECF No. 135) within **45 days**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: August 7, 2023                           s/Curtis Ivy, Jr.
                                               Curtis Ivy, Jr.
                                               United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2023, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850