UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,

    Plaintiff,

v.

LILITA INFANTE, *et al.*,

    Defendants.
_____/

Case No. 19-cv-11654
Hon. Matthew F. Leitman

### ORDER (1) SUMMARILY DENYING WITHOUT PREJUDICE ALL PENDING MOTIONS AND SUMMARILY OVERRULING WITHOUT PREJUDICE ALL PENDING OBJECTIONS AND (2) RE-REFERRING ACTION TO MAGISTRATE JUDGE FOR HANDLING OF ALL PRE-TRIAL PROCEEDINGS

In this action, *pro se* Plaintiff Robert K. Decker alleges that certain agents of the United States improperly entered, remained in, and searched his home without a warrant and damaged his property. (*See* Am. Compl., ECF No. 135.)

Since this action was first filed, Decker has engaged in an abusive and vexatious pattern of litigation. He has filed over 50 motions, more than 15 letters and other notices directed to the Court, at least six objections to orders issued by the Magistrate Judge, and one groundless interlocutory appeal. Decker's voluminous filings are impeding the efficient adjudication and administration of this action.

Now is the perfect time to "hit the reset button" on this action. The Court recently entered an order granting in part the Defendants' motions to dismiss. (*See*

1

Order, ECF No. 233.) That order streamlined this action and substantially narrowed the issues in dispute. With the entry of that order, only one claim against one Defendant remains in this case: Decker's claim for damages against the United States arising out of the alleged trespassing of Government agents at his home at 5754 Artesian Avenue in Detroit, Michigan. (*See id.*)

Based this narrowing of the issues in dispute, the majority of Decker's objections and pending motions are now moot because they either (1) relate to Defendants and/or claims that are no longer live in the case or (2) were ruled upon, directly or indirectly, in the Court's March 26 order. For instance, in that order, the Court explained to Decker why it was not persuaded to grant relief – the appointment of counsel and the issuing of a scheduling order prior to resolving Defendants' motions to dismiss – that Decker had repeatedly requested. (*See* Order, ECF No. 233, PageID.1665-1666, 1672.) And the Court is not now going to go back and review the myriad other baseless filings by Decker that have burdened the docket and unreasonably imposed upon the Magistrate Judge. For these reasons, in the interest of judicial efficiency and as a remedy for Decker's abusive filings, the Court will summarily **OVERRULE WITHOUT PREJUDICE** all of Decker's pending objections to orders previously issued by the Magistrate Judge and **DENY WITHOUT PREJUDICE** all of Decker's pending motions in this case.

The case will now begin anew on a clean slate.  The Court **RE-REFERS** this action to the assigned Magistrate Judge and directs the parties to focus on the one remaining claim in this case.  From this point forward, Decker is free to file any legitimate motions and/or objections that he may present to the Court in good faith and in conformity with the Federal Rules of Civil Procedure.  Simply put, Decker will now be given a full and fair opportunity to reasonably and properly litigate his one claim that has survived Defendants' motions to dismiss.  However, the Court cautions Decker that additional baseless and abusive filings will not be tolerated and could subject Decker to sanctions, up to and including dismissal of this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  April 1, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 1, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126