UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,

    Plaintiff,

v.

LILITA INFANTE, *et al.*,

    Defendants.

Case No. 19-cv-11654
Hon. Matthew F. Leitman

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STAY ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 240)**

In this action, *pro se* Plaintiff Robert K. Decker alleges that certain law enforcement officers improperly entered, remained in, and searched his home without a warrant and damaged his property. (*See* Fourth Am. Compl., ECF No. 135.) Decker named as Defendants the officers that he says were involved in the search.

On May 18, 2023, the United States filed a notice pursuant to the Westfall Act, 28 U.S.C. § 2679,[1] that (1) the individual Defendants were acting within the

---

[1] "The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). When a federal employee acts within the scope of her employment and commits a tort, any relief for that tort must be sought against the Government under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 []. The obverse, of course, is that the Westfall Act does not immunize federal employees for torts they commit outside the scope of their federal employment; liability for such torts can lie with the

1

scope of their employment as federal law enforcement officers at the time of the incident described in Decker's Complaint and (2) it (the United States) was substituting "itself as the sole Defendant in this matter as to [Decker's] claims for breaking and entering, trespass, and violation of the Michigan Constitution." (Notice, ECF No. 152, PageID.978.)  Decker subsequently challenged the United States' certification and substitution into the case. (*See* Resp. to Notice, ECF No. 170.)  In that challenge, Decker questioned whether the individual Defendants were acting within the scope of their federal employment, and he sought an evidentiary hearing on that issue. (*See id. See also* Mot. for Evidentiary Hr'g, ECF No. 173.)  In an order dated August 7, 2023, the Magistrate Judge denied relief on Decker's challenge to the Westfall Act certification and ruled that Decker was not entitled to an evidentiary hearing on the certification issue. (*See* Order, ECF No. 182, PageID.1356-1358.)  On September 25, 2023, Decker filed an Objection to the Magistrate Judge's ruling. (*See* Objection, ECF No. 206.)

On March 26, 2024 – with Decker's objection to the Magistrate Judge's ruling on the Westfall Act certification still pending before the Court – the Court issued an order granting in part and denying in part a motion to dismiss that the Defendants had filed.  Following the entry of that order, only one claim remained in this case:

---

individual tortfeasors under state law." *Roberts v. United States*, 191 F. App'x 338, 341 (6th Cir. 2006).

2

Decker's claim for damages against the United States arising out of the alleged trespassing of Government agents at his home at 5754 Artesian Avenue in Detroit, Michigan. (*See id.*) In the March 26, 2024, order, the Court did not rule on Decker's objection related to the United States' Westfall Act certification.

The Court disposed of that objection six days later. On April 1, 2024, this Court entered an order in which it summarily denied all of Decker's pending motions and summarily overruled all of his pending objections to rulings by the Magistrate Judge – including Decker's objection to the Magistrate Judge's ruling denying his challenge to the United States' Westfall Act certification. (*See* Order, ECF No. 235.) As the Court explained in that order, it summarily denied relief to Decker on his myriad pending filings because he has engaged in an abusive and vexatious pattern of litigation. He has filed over 50 motions, more than 15 letters and other notices directed to the Court, at least six objections to orders issued by the Magistrate Judge, and one groundless interlocutory appeal.

On April 3, 2024, Decker signed and sent to the Court (1) a Notice of Appeal from the Court's March 26, 2024, order (*see* Notice of Appeal, ECF No. 242) and (2) a motion to stay that order (*see* Mot., ECF No. 240). In the motion to stay, Decker says that the Court has "failed to address" his objections to the Magistrate Judge's order denying Decker relief on his challenge to the United States' Westfall Act certification. (*See id.*, PageID.1687.)

3

At the time Decker filed the motion to stay (April 3), he was obviously not aware that (on April 1) the Court had addressed – and summarily overruled – his objections to the Magistrate Judge's order denying Decker relief on his challenge to the United States' Westfall Act certification. Since the Court has ruled on those objections, there is no basis to stay the Court's March 26, 2024, ruling. Decker's motion to stay (ECF No. 240) is therefore **DENIED**.

Finally, the Court again reminds Decker that abusive and/or frivolous filings will not be tolerated in this action. It appears that Decker has filed at least two such baseless filings since the Court issued its March 26, 2024, order. First, Decker filed a "motion to reopen the appeal" in which he asks this Court to re-open an appeal that he previously filed in the United States Court of Appeals for the Sixth Circuit. (*See* Mot., ECF No. 241.) This Court plainly has no authority to re-open an appeal that was pending in a higher appellate court. Second, as described above, Decker filed a Notice of Appeal of the Court's March 26, 2024, order, but that order is not a final order and does not appear to be immediately appealable. The Court will give Decker every opportunity to present reasonable arguments to the Court in filings that can be made in good faith. But any future baseless and abusive filings could subject Decker to sanctions, up to and including dismissal of this action.

**IT IS SO ORDERED**.

Dated: April 29, 2024

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

5

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 29, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126