UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT K. DECKER,<br>          Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>          Defendant.<br>_____/ | Case No. 19-11654<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER ON PLAINTIFF'S MOTIONS (ECF Nos. 261, 262) AND EXTENDING THE DISPOSITIVE MOTION DEADLINE**

There is one claim left against one Defendant: a trespass claim against the United States. The factual background of this case has been stated in many prior orders, so it will not be stated again here. To put it briefly though, the dispute comes down to what time federal agents entered and searched Plaintiff's home.

On May 21, 2024, the Court filed a case management order setting the close of discovery on October 21, 2024. (ECF No. 247). On October 8, 2024, the Court received Plaintiff's motion to extend discovery by 45 days. (ECF No. 261). He asked for an extension because he was soon to be released from prison to a halfway house. Once transferred, he could obtain his cellphone that contains evidence supporting his claim.

Plaintiff also moved for an order compelling the United States Marshals Service to serve subpoenas *duces tecum* on Comcast and Verizon. (ECF No. 262).

Plaintiff stated that alarm records, security video, and a telephone call from Comcast to him about the security alarm, records these companies possess, will help him prove what time federal agents entered his home.  He also asked that the Court require Defendant to pay the costs associated with the subpoenas.

Defendant opposed both motions.  (ECF Nos. 264, 265).  It argues that there is no good cause to extend the discovery deadline to allow for Plaintiff to obtain his cellular telephone or to issue subpoenas to third parties largely because Plaintiff was dilatory in seeking this discovery.

There are two matters to address before assessing the merits of Plaintiff's motions.  First, because "[a] subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order[,]" *Martin v. Oakland Cnty.*, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008) (citation omitted), Plaintiff's request for subpoenas will be considered as part of his motion to extend discovery.  Even if the Plaintiff had completed subpoenas to serve on the day he filed his motion, the third parties would not have to respond to the requests until 30 days after service of the subpoenas, which would be well after the close of discovery.  Second, Plaintiff's request to extend discovery so that he can obtain his cellular telephone once housed in the halfway is more appropriately a request to extend the dispositive motion deadline.  This is because Plaintiff presumably need

2

not use any discovery tools to get his own telephone. That said, his ability to use the evidence on the telephone may be thwarted if he does not obtain it before briefing on dispositive motions is complete. So the Court will consider both an extension on discovery and an extension on dispositive motions.

The motion to extend case deadlines is **GRANTED IN PART**. The Court will modify a scheduling order when there is "good cause" to do so. Fed. R. Civ. P. 16(b)(4). In determining good cause, the court considers (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citations omitted).

Plaintiff filed a notice on November 15, 2024, that he was not yet in the halfway house, so the issue of his obtaining his telephone is likely still ripe. The motion is granted to accommodate Plaintiff's need for his cellular telephone. Though Plaintiff has known about the relevant information in his telephone since this case was filed, he could not possess his telephone while in prison. The Court

does not find Plaintiff's recent request to extend discovery (and by extension, the dispositive motion deadline) to allow him time to obtain the telephone as dilatory. Plaintiff did not estimate when he would be transferred to the halfway house. He originally requested an extension to December 5, 2024.

To allow time for Plaintiff to obtain his phone, the Court will extend the <u>dispositive motion deadline</u> to **December 18, 2024**. This should be sufficient considering the additional time Plaintiff will have to respond to a dispositive motion, if one is filed.[1] To be clear, this extension applies only to the dispositive motion deadline. This is not an extension on discovery. **No further extensions will be allowed**.

Next are the subpoenas. The motions to extend discovery and for service of the subpoenas are **DENIED** because good cause does not exist to allow extra time for the discovery.

The timing of Plaintiff's request for service of subpoenas dooms his motion. For background, Plaintiff moved to compel Comcast and Verizon to produce records relevant to the lawsuit during August 2022. (ECF No. 96). That motion was denied because the discovery period had not yet started and because there was no indication that Plaintiff served subpoenas on the companies but received no

---

[1] It should also be sufficient time for supplemental production from Plaintiff if the United States served a discovery request that would be answered by the contents of the telephone.

documents in response. (ECF No. 99). Then, during January 2024, Plaintiff moved for subpoenas *duces tecum* to serve on the companies. (ECF No. 221). That motion was summarily denied and a case management order was entered beginning the discovery period on May 21, 2024. (ECF Nos. 235, 247).

Plaintiff has presumably known about the relevant information that Comcast and Verizon would have since he filed the lawsuit in 2019. He was put on notice about the need to serve subpoenas in 2022. Then discovery began in May 2024 for a five-month period, yet Plaintiff waited until 13 days before the close of discovery to move for service of subpoenas. The Court acknowledges that Plaintiff had been transferred pending another transfer to the halfway house during the discovery period. But the transfers alone do not excuse waiting until the eve of the close of discovery to seek discovery he has known about since the beginning of a five-year-old case.

Given this background, the Court concludes that Plaintiff was dilatory in seeking the discovery and the factors weigh against an extension. The Court has also considered the importance of the discovery to Plaintiff's case. It seems much of the information Plaintiff would seek from Comcast and Verizon would also be on his phone (security camera footage and alarm records), which he now has more time to obtain. Thus, the motion to extend discovery is **DENIED** as to the subpoenas and the motion for service of the subpoenas is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 20, 2024          s/Curtis Ivy, Jr.
                                                      Curtis Ivy, Jr.
                                                      United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 20, 2024.

                                                      s/Sara Krause
                                                      Case Manager
                                                      (810) 341-7850