UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,

    Plaintiff,

v.

                              Case No. 19-cv-11654
                              Hon. Matthew F. Leitman

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER OVERRULING WITHOUT PREJUDICE PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF No. 270)**

In this action, Plaintiff Robert K. Decker alleges that agents of Defendant United States of America trespassed on his property when the agents entered and searched his home prior to obtaining a search warrant. On October 8, 2024, Decker filed two motions: (1) a motion to extend discovery (ECF No. 261) and (2) a motion requesting that the United States Marshals Service serve a subpoena for documents on his phone and home alarm providers, Verizon and Comcast (ECF No. 262). In the motions, Decker argued that he needed additional time in order to obtain evidence that he said could definitively establish that the agents entered his home before they obtained the search warrant. More specifically, Decker said that he was seeking evidence from his cellular telephone – which Decker does not currently have access to because he is incarcerated – and from Verizon and Comcast that would

1

pinpoint the exact time federal agents entered his property. Decker insists that that evidence will establish that the agents breached his home before they obtained a warrant.

The motions were referred for decision to the assigned Magistrate Judge. On November 20, 2024, the Magistrate Judge issued an order granting in part the motion to extend discovery and denying the motion to serve the subpoenas. (*See* Order, ECF No. 268.) To the extent that the motion to extend discovery sought an extension of time to allow the United States Marshals Service to serve subpoenas on Verizon and Comcast, the Magistrate Judge denied the motion – and denied the corresponding motion to serve the subpoenas – on the basis that Decker made that request too late and too close to the close of discovery. (*Id.*, PageID.1821-1822.) The Magistrate Judge then explained that Decker's request to extend discovery in order to obtain data on his cell phone was "more appropriately a request to extend the dispositive motion deadline" because while Decker wanted the data from his cell phone in order to respond to the United States' summary judgment motion, he "presumably [would not] need to use any discovery tools to get his own telephone." (*Id.*, PageID.1820.) The Magistrate Judge further explained that because Decker was scheduled to soon be released to a halfway house, which would allow him access to his phone, he would extend the dispositive motion deadline to December 18, 2024, in order to allow Decker sufficient time to access his phone and be able to use the data on that phone

2

to respond to the United States' summary judgment motion. (*See id.*, PageID.1820-1821.)  The United States then filed its summary judgment motion on December 18, 2024, in compliance with the Magistrate Judge's adjusted schedule. (*See* Mot., ECF No. 271.)

Decker filed objections to the Magistrate Judge's order on December 17, 2024. (*See* Objections, ECF No. 270.)  In the objections, Decker says that he has diligently sought to subpoena Verizon and Comcast, and that the Magistrate Judge's order prevents him from accessing "the smoking gun" in support of his claim. (*Id.*, PageID.1830.)  Decker also seeks to stay consideration of the United States' summary judgment motion (and to stay the case in its entirety) because he says he does not know when he will be released to a halfway house and how long it will take to obtain his cell phone once he is released.[1] (*See id.*, PageID.1831.)

The Court has carefully reviewed the objections and **OVERRULES** them **WITHOUT PREJUDICE**.  The primary concern that appears to be animating both Decker's underlying motions and his objections to the Magistrate Judge's orders is that without access to his cell phone and/or his alarm and phone records, he will not be able to mount a viable defense to the United States' now-pending summary

---

[1] In his objections, Decker appears to suggest that his cell phone is in the possession of the Internal Revenue Service (the "IRS") at an IRS office in Florida, and that, once released from custody, he will need to travel to that office in Florida to retrieve his phone. (*See* Objections, ECF No. 270, PageID.1831.)

judgment motion. But that concern is unfounded. As the United States explains in its motion, none of the grounds on which it moves for summary judgment depends on a finding that the United States obtained a search warrant before its agents entered Decker's property. (*See* Mot., ECF No. 271, PageID.1849: "The United States disputes Decker's claim that agents entered [Decker's home] in the morning [before it obtained a search warrant], but that issue is not material for purposes of this motion.") In other words, the United States argues that even if its agents did enter Decker's home without a warrant, it would *still* be entitled to summary judgment for the reasons explained in its motion.

      The Court agrees that none of the defenses that the United States raises in its motion – (1) that Decker failed to exhaust his administrative remedies under the Federal Tort Claims Act, (2) that Decker's trespass claim is barred by collateral estoppel, and (3) that Decker's trespass claim is barred by the detention of goods exception to the United States' waiver of sovereign immunity – appear to turn on what time federal agents entered Decker's home and whether the agents had a warrant to enter the home when they did so. Thus, Decker does not need either his cell phone or his phone or alarm records in order to fully respond to the United States' summary judgment motion. The Court therefore **OVERRULES** his objections.

Finally, the Court recognizes that the evidence Decker identifies could be important to establishing his trespass claim if Decker defeats the United States' pending motion for summary judgment on that claim. Therefore, if the Court denies the United States' motion, the Court at that time will allow Decker to renew his request for access to his phone and his request to subpoena the phone and alarm records for their use at trial.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 6, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126