UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT K. DECKER,<br>                        Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>                        Defendant.<br>_____/ | Case No. 19-11654<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL FOR LIMITED PURPOSE OF RESPONDING TO THE MOTION FOR SUMMARY JUDGMENT**

Plaintiff's response to the United States' motion for summary judgment was due on February 3, 2025. (ECF No. 272). On January 31, 2025, Plaintiff moved for appointment of counsel. He asserts that he was being held in the special housing unit at the prison after another inmate hit him on the head with a lock five times. Because of that attack, Plaintiff needed three staples on his head, and he now gets blinding headaches and cannot recall what he reads. He also says he does not have his legal files. For these reasons, he requests appointment of counsel. (ECF No. 274). Almost two weeks later Plaintiff filed a letter in which he states that his head was "still messed up" so he needed an attorney to help with his case because he could not handle the case on his own. (ECF No. 276). Then, he filed another letter stating that he was still in the special housing unit experiencing headaches and memory loss. He wanted to confirm whether the Court received his

request for counsel and asked for at least a 60-day extension on the time to file a response brief. (ECF No. 277).

The United States opposes the motion for appointment of counsel. The government notes that this is not the first time Plaintiff is seeking the assistance of counsel, and that each time his motions were denied. The government characterizes the latest motion as a delay tactic, an abuse of the judicial process. It says denial is warranted because Plaintiff submitted no documentation to support his claimed medical problems and because Plaintiff was able to draft and submit the motion seeking counsel. (ECF No. 275).

The standard for appointment of counsel has been stated many times in this litigation and will not be repeated. (*See* ECF Nos. 26, 146, 233).

The Court acknowledges the United States' frustrations with the delays in bringing this case to a conclusion and with Plaintiff's repeated attempts at obtaining counsel. That said, though the remaining issue is not complex, in an abundance of caution the Court cannot ignore the claimed medical issues that Plaintiff says prevent him from adequately mounting a defense. The Court does not fault Plaintiff for providing no medical documentation since he says he was housed in the special housing unit with blinding headaches and memory loss.

Plaintiff's motion for appointment of counsel is **GRANTED IN LIMITED PART**. The Court will endeavor to appoint pro bono counsel **for the limited purpose of responding to the motion for summary judgment**.

The case will be stayed for **30 days** while the Court attempts to obtain pro bono counsel. If pro bono counsel is not obtained within 30 days, the stay will be lifted and Plaintiff will proceed without counsel.

A response to the motion for summary judgment filed either by pro bono counsel or by Plaintiff if counsel is not obtained will be due **no later than April 25, 2025**. To be clear, this means that if counsel does not accept this case on behalf of Plaintiff, Plaintiff will be required to submit a response on his own no later than April 25, 2025. This date will not be extended. **If Plaintiff does not file a response brief by that date, the undersigned will assess the merits of the motion for summary judgment without a response**.

Lastly, if Plaintiff defeats the motion, he may again move for counsel to represent him in the remaining stages of the litigation.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R.

Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: February 25, 2025　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

　　The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 25, 2025.

　　　　　　　　　　　　　　　　　　　　s/Sara Krause
　　　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　　　(810) 341-7850