UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,                                    Case No. 19-11654
                              Plaintiff,
v.                                                   Matthew F. Leitman
                                                     United States District Judge
UNITED STATES OF AMERICA,
                              Defendant.             Curtis Ivy, Jr.
_____/                    United States Magistrate Judge

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 271)

## I.    PROCEDURAL HISTORY

Plaintiff Robert Decker filed this *pro se* prisoner civil rights case in June 2019.  (ECF No. 1).  "The only claim remaining in this action is Decker's claim against the United States under the [Federal Tort Claims Act ("FTCA")] for trespass."  (ECF No. 233, PageID.1672).  Defendant moved for summary judgment on Plaintiff's FTCA claim on December 18, 2024.  (ECF No. 271).  Plaintiff's response in opposition was due no later than April 25, 2025.  (ECF No. 278, PageID.2039).  As of this writing, no such response has been filed.

The District Judge re-referred all pretrial matters to the undersigned in April 2024.  (ECF No. 235, PageID.1677; ECF No. 236).  Having reviewed Defendant's motion and the evidence attached thereto, the undersigned **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**.

## II.   BACKGROUND

### A.   Defendant's Version of Events

In June 2016, Plaintiff resided at 5745 Artesian Street in Detroit, Michigan and rented property just across the street at 5754 Artesian Street.  (ECF No. 271, PageID.1847; ECF No. 271-2, PageID.1876-77).  At the latter address, Plaintiff grew marijuana and sold narcotics on the dark web.  (ECF No. 271, PageID.1847; ECF No. 271-2, PageID.1878).  In August 2016, an arrest warrant was issued for Plaintiff for conspiracy to distribute controlled substances and conspiracy to commit money laundering.  (ECF No. 721, PageID.1848; ECF No. 271-3).  At 1:10 P.M. on August 17, 2016, Magistrate Judge Steven Whalen issued a search warrant for "5745 Artesian Street, Detroit, Michigan 48228."  (ECF No. 271, PageID.1848; ECF No. 271-4).  The search warrant was to be executed on or before August 30, 2016.  (ECF No. 271-4).

Around 6:00 A.M. on August 18, 2016, federal agents from the Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), and the United States Postal Inspection Service ("USPIS") executed the search warrant at 5745 Artesian Street.[1]  (ECF No. 271, PageID.1848; ECF No. 271-5,

---

[1] Agents from "CIS" also assisted with the search warrant.  (ECF No. 271-5, PageID.1899).  Neither Defendant's motion nor the "Report of Investigation" explain what "CIS" is.

PageID.1899; ECF No. 271-6, PageID.1914).  Though Plaintiff was not at his residence at 5745 Artesian Street, he called the landline at his home and spoke with federal officers three times according to the "Report of Investigation."  (ECF No. 271-5, PageID.1899-1900).  Each time Plaintiff called, he indicated that he was in Mexico.  (*Id.*).  During his deposition testimony, however, Plaintiff stated that he was at his mother's house in Tennessee when he watched federal agents execute the search warrant on a security app on his cellular telephone.  (ECF No. 271-5, PageID.1881-82).  At his deposition, Plaintiff also indicated that he called the landline at 5745 Artesian Street three times, but agents only picked up the telephone on the third call.[2]  (*Id.* at PageID.1882-83).

Around twenty-five minutes after federal agents entered Plaintiff's residence at 5745 Artesian Street, a neighbor informed FBI SWAT Special Agent Troy Wohlfert that Plaintiff rented property at 5754 Artesian Street and suspected that Plaintiff used the property there as a marijuana grow house.  (ECF No. 271, PageID.1848; ECF No. 271-5, PageID.1900; ECF No. 271-6, PageID.1914).  At 2:20 P.M. that same day, Magistrate Judge Whalen issued a search warrant for "5754 Artesian Street, Detroit, Michigan 48228."  (ECF No. 271, PageID.1848; ECF No. 271-7).  According to a sworn declaration from DEA Special Agent

---

[2] The parts of Plaintiff's deposition transcript included with Defendant's motion make no mention of Plaintiff being in Mexico on the morning federal agents executed the search warrant.

Stephen Popp who took part in the DEA's investigation of Plaintiff, federal agents did not enter the home at 5754 Artesian until *after* Magistrate Judge Whalen issued the search warrant. (ECF No. 271-6, PageID.1914). Federal agents did, however, establish a security perimeter around both 5745 Artesian and 5754 Artesian while they waited for the second search warrant. (ECF No. 271, PageID.1849; ECF No. 271-6, PageID.1914-15).

Plaintiff has conveyed in his operative pleading and his deposition testimony that he is not pursuing a claim regarding the search at 5745 Artesian Street. (ECF No. 135, PageID.879; ECF No. 271, PageID.1853; ECF No. 271-2, PageID.1884-85).[3] Rather, the only remaining claim is for Defendant's allegedly unlawful trespass at 5754 Artesian Street.[4] (ECF No. 135, PageID. 878; ECF No. 233, PageID.1672; ECF No. 271, PageID.1849, 1853). Plaintiff claims that Defendant entered his home at 5754 Artesian Street in the morning prior to obtaining the

---

[3] The operative complaint is at ECF No. 135. Because Plaintiff's complaint is verified—that is, signed under the penalty of perjury pursuant to 28 U.S.C. § 1746, (ECF No. 135, PageID.908)—it is treated as an affidavit for purposes of a motion for summary judgment; it can be used to establish a fact or a dispute of fact here. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citations omitted).

[4] Plaintiff initially named several individual federal agents as Defendants in this case and lodged, among others, FTCA claims against them for breaking and entering, trespassing, and violating the Michigan Constitution. Under certain circumstances, federal law allows for the United States to be substituted as the party defendant in cases against employees of the United States. 28 U.S.C. § 2679(d)(1). The United States did so here for the breaking and entering, trespass, and state constitutional claims. (ECF No. 152; ECF No. 158). And as mentioned, the only remaining claim is the alleged trespass at 5754 Artesian.

4

respective search warrant.  (ECF No. 271, PageID.1849, 1852-53; ECF No. 271-2, PageID.1885-86).

The United States ultimately charged Plaintiff in the Southern District of Florida with conspiracy to distribute controlled substances and conspiracy to commit money laundering.  (ECF No. 271, PageID.1849; ECF No. 271-2, PageID.1887; ECF No. 271-8).  Plaintiff pleaded guilty to each offense alleged in the indictment and was sentenced to 140 months imprisonment.  (ECF No. 271, PageID.1849; ECF No. 271-2, PageID.1887; ECF No. 271-9; ECF No. 271-10).  Plaintiff's direct appeal of both his conviction and sentence was unsuccessful.  (ECF No. 271, PageID.1849 (citing *United States v. Decker*, 832 F. App'x 639 (11th Cir. 2020)).  Plaintiff's motion to set aside his federal conviction under 28 U.S.C. § 2255 also did not succeed.  (ECF No. 271, PageID.1850; ECF Nos. 271-11, 271-12, 271-13).  And Plaintiff did not appeal the ensuing final judgment.  (ECF No. 271, PageID.1851; ECF No. 271-15).  Since Defendant filed its motion, Plaintiff was released from prison.  (*See, e.g.*, ECF Nos. 283, 284).

In anticipation of filing this action, Plaintiff claims to have mailed a Standard Form ("SF") 95 to the Director of Torts Branch, Civil Division, U.S. Department of Justice ("DOJ").[5]  (ECF No. 271, PageID.1851; ECF No. 271-2,

---

[5] This was the addressee listed at the bottom of the second page of the SF-95 under the heading "Paperwork Reduction Act Notice."  (ECF No. 271-2, PageID.1888-89; ECF No. 271-16, PageID.1979).

PageID.1888-89; ECF No. 271-16, PageID.1979).  A SF-95 allows claimants to submit claims for "damage, injury, or death" under the FTCA against "the 'appropriate Federal agency' whose employee(s) was involved in the incident." (ECF No. 271-16, PageID.1979).  Plaintiff apparently completed a SF-95 related to the searches at his two Artesian Street properties and listed as the "appropriate Federal agency" the "DEA, FBI, U.S. Marshal's [sic] and IRS."  (ECF No. 271-2, PageID.1888-89; ECF No. 271-16, PageID.1978).  Plaintiff testified during his deposition that he mailed the form while incarcerated "in the shoe" at the United States Penitentiary at Terre Haute using a "first class postage stamp."[6]  (ECF No. 271-2, PageID.1888-90).  He also indicated that other inmates working in the shoe at the facility saw "lots of letters that were just thrown in the garbage that were never sent out."[7]  (*Id.* at PageID.1888).

Despite his deposition testimony suggesting he mailed the SF-95, Plaintiff has not provided any corroborative evidence that he actually did so, such as a receipt or tracking number; nor has he provided any evidence on whether the Torts Branch at the DOJ's Civil Division received the SF-95.  (ECF No. 271, PageID.1851; ECF No. 271-2, PageID.1890-91 (reflecting Plaintiff's testimony

---

[6] The excerpts of the deposition included with Defendant's motion do not elaborate on what "the shoe" is.  Presumably, Plaintiff refers here to a special housing unit or SHU.

[7] The undersigned is not making a determination as to whether this statement amounts to hearsay or satisfies a hearsay exception as it is not critical to the Court's determination as discussed more fully below.

that he had "no idea" whether the SF-95 was received)).  Despite claiming to have

mailed the form, he testified that he never received a response.  (ECF No. 271-2,

PageID.1891).  Plaintiff also stated that he did not send the SF-95 to any other

address.  (*Id.* at PageID.1890).

Defendant filed a sworn declaration from Elijah F. Jenkins, a Supervisory

Technical Support Specialist with the DOJ familiar with the processing of

administrative claims presented to the DOJ under 28 U.S.C. § 2672.

 (ECF No. 271-17, PageID.1980).  After conducting a search within "the

appropriate Records System within the Civil Division" at the DOJ—which handles

administrative tort claims under the FTCA pertaining to the DOJ's activities—

Jenkins averred that the search produced only one claim from Plaintiff dated

October 31, 2022.[8]  (*Id.* at PageID.1980-81).  But that SF-95 pertained to a

complaint to the Bureau of Prisons ("BOP") regarding the termination of Plaintiff's

parental rights, not the alleged trespass at 5754 Artesian Street.  (ECF No. 271,

PageID.1851-52 n.1; ECF No. 271-17, PageID.1980-90).  That SF-95 was duly

transferred to BOP pursuant to federal regulations.  (ECF No. 271-17,

PageID.1981).

---

[8] The Civil Division does not, however, handle administrative tort claims brought under the FTCA "specifically directed to activities of the Federal Bureau of Investigation, the Federal Bureau of Prisons, the Federal Prisons Industries, the United States Marshals Service, the Drug Enforcement Administration, and the Bureau of Alcohol, Tobacco, Firearms and Explosives." (ECF No. 271-17, PageID.1980).

Defendant also produced sworn declarations, made under the penalty of perjury, from representatives of the DEA, FBI, IRS, United States Marshals Service ("USMS"), and Postal Service who were familiar with how their respective agencies stored and processed administrative claims brought under the FTCA. (ECF No. 271, PageID.1852; ECF Nos. 271-18, 271-19, 271-20, 271-21, 271-22). Each representative attested that there is no record of receiving the relevant SF-95 from Plaintiff in the respective databases that store information and documents pertaining to administrative tort claims.  (ECF No. 271, PageID.1852; ECF Nos. 271-18, 271-19, 271-20, 271-21, 271-22).

B.     Plaintiff's Version of Events

Plaintiff has not timely filed a response in opposition to Defendant's motion for summary judgment despite repeated warnings that the undersigned would resolve the motion without a response from Plaintiff if he failed to timely file one. First, Plaintiff's response was due by February 3, 2025.  (ECF No. 272).  The Court, "in an abundance of caution" given "claimed medical issues that Plaintiff sa[id] prevent[ed] him from adequately mounting a defense," stayed the case for thirty days while the Court attempted to obtain pro bono counsel for the limited purpose of responding to the motion for summary judgment.  (ECF No. 278, PageID.2038-39).  But there the Court warned that "[a] response to the motion for summary judgment filed either by pro bono counsel or by Plaintiff if counsel is not

8

obtained will be due **no later than April 25, 2025**." (*Id.* at PageID.2039).  The

Court also notified Plaintiff that if he did not file a timely response brief by that

date, "**the undersigned will assess the merits of the motion for summary**

**judgment without a response**." (*Id.*).  Plaintiff was also warned that no further

extensions would be granted.

Plaintiff later withdrew his motion for appointed pro bono counsel, so the

Court rescinded the request for pro bono counsel and the related stay.  (ECF Nos.

281, 282).  Upon doing so the Court reiterated that the deadline for Plaintiff's

response brief was April 25, 2025 and emphasized that no further extensions would

be provided.  (ECF No. 282, PageID.2051).  The Court also reminded him that the

undersigned would assess Defendant's motion for summary judgment without a

response from Plaintiff if he did not timely file one.  (*Id.*).  Even so, Plaintiff

moved for not one, but two extensions of time to file a response brief.  (ECF Nos.

285, 288).  Given the Court's repeated admonition that no further extensions would

be granted, the Court denied each of those motions.  (ECF Nos. 287, 289).  And in

each of those Orders, the Court stated once more that the deadline for Plaintiff's

response was April 25, 2025 and that no further extensions would be granted.

(ECF No. 287, PageID.2063; ECF No. 289, PageID.2071).

The undersigned need not craft Plaintiff's narrative for him.  "A district

court has no 'duty to sift through the record in search of evidence to support a

party's opposition to summary judgment.'" *Parsons v. FedEx Corp.*, 360 F. App'x

642, 646 (6th Cir. 2010) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369,

379 (6th Cir. 2007)) (internal quotations omitted).  "'[R]ule 56 allocates that duty

to the opponent of the motion, who is required to point out the evidence, albeit

evidence that is already in the record, that creates an issue of fact.'" *Parsons*, 360

F. App'x at 646 (quoting *Williamson*, 481 F.3d at 379).

## III.   ANALYSIS AND RECOMMENDATION

Defendant proffers three arguments in support of its motion.  First,

Defendant argues that the Court should grant its motion because Plaintiff failed to

exhaust administrative remedies under the FTCA.  (ECF No. 271, PageID.1853-

57).  Second, Defendant contends that summary judgment is warranted because

Plaintiff's trespass claim is barred by the doctrine of collateral estoppel.  (*Id.* at

PageID.1857-65).  Third, Defendant asserts that it should prevail on its motion

because the trespass claim is barred by the detention of good exception to the

United States' waiver of sovereign immunity.  (*Id.* at PageID.1866-71).  As

Defendant's exhaustion argument is sufficient to resolve this motion, the

undersigned will not address Defendant's second and third arguments.  Since

Plaintiff failed to exhaust his administrative remedies under the FTCA, the

undersigned **RECOMMENDS** that Defendant's motion be **GRANTED**.

A.   <u>Governing Standards</u>

1.   <u>Summary Judgment</u>

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro.*

11

*Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted).  In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce the obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz [v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment

12

motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010);

*see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming

grant of summary judgment against a *pro se* plaintiff because he "failed to present

any evidence to defeat the government's motion").

      Although Plaintiff failed to file a timely response brief in opposition to

Defendant's motion for summary judgment, "a district court cannot grant summary

judgment in favor of a movant simply because the adverse party has not

responded." *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 614 (6th Cir. 1998).

As explained by another judge in this District,

> Rule 56 requires a court to determine, even where a motion for
> summary judgment is unopposed, "that the moving party has
> established a right to relief as a matter of law and that no genuine
> issue of material fact exists before the court can award summary
> judgment." *Sutton v. U.S.,* 922 F.2d 841, *2 n. 1 (Table) (6th Cir.
> 1991). When confronted with an unopposed Rule 56 motion, a court
> must "intelligently and carefully review the legitimacy of such an
> unresponded-to motion, even as it refrains from actively pursuing
> advocacy or inventing the riposte for a silent party." *Guarino v.
> Brookfield Twp. Trs.,* 980 F.2d 399, 407 (6th Cir. 1992). In
> conducting this review, a court may rely upon the facts presented by
> the moving party, reject flagrant evidentiary misstatements, and
> acknowledge the context from which the evidence was adduced. *See
> id.* at 404–05.

*Anthony v. Owen*, No.07-10351, 2011 WL 4406353, at *1 (E.D. Mich. Sept. 22,

2011).

      2.    <u>Federal Tort Claims Act</u>

"As sovereign, the United States 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Wilkins v. United States*, 598 U.S. 152, 166-67 (2023) (Thomas, J., dissenting) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  In 1946, "Congress passed the [FTCA], expressly waiving the federal government's sovereign immunity in certain torts suits."  *Allen v. United States*, 83 F.4th 564, 567 (6th Cir. 2023) (citing *Brownback v. King*, 592 U.S. 209, 212 (2021)).  But the FTCA's waiver of sovereign immunity "is limited, and Congress has placed 'several conditions' on it."  *Wilburn v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 2:23-cv-13170, — F. Supp. 3d —, 2025 WL 817672, at *7 (E.D. Mich. Mar. 13, 2025) (quoting *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008)).

One of these limitations first requires "claimants to give government agencies an initial opportunity to resolve claims . . . ."  *Ellison*, 531 F.3d at 361 (citing 28 U.S.C. § 2675(a)); *Knapp v. United States*, 844 F.2d 376, 377 (6th Cir. 1988).  The FTCA states that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a) (articulating the FTCA's presentment, e.g., exhaustion, requirement).  Absent newly discovered evidence,

an action under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b). The claimant has two years to file his administrative tort claim with the "appropriate Federal agency." 28 U.S.C. § 2401(b). Once a claimant receives notice of the agency's final denial of the claim, then the claimant must bring an action within six months after the date of mailing of that final notice. *Id.* But if the agency fails to dispose of the administrative claim within six months, then the claimant may file a lawsuit. 28 U.S.C. § 2675(a).

The FTCA's exhaustion requirement under § 2675 is not jurisdictional requirement; rather, it imposes "a mandatory claims-processing rule."[9] *Copen v. United States*, 3 F.4th 875, 883 (6th Cir. 2021); *Kellom v. Quinn*, 86 F.4th 288, 293 (6th Cir. 2023). Accordingly, a plaintiff's tort claim against the United States is barred if he fails to exhaust his administrative remedies before bringing suit in

---

[9] Whether § 2675 articulates a jurisdictional requirement for bringing a FTCA claim is subject to debate that has produced a circuit split on the issue. Prior to *Copen*, the Sixth Circuit, like the Third and Eighth Circuits, held that § 2675 imposed a jurisdictional requirement. *See Thompson*, 8 F. App'x at 548 (citing *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997)); *White-Square v. United States Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010); *Mader v. United States*, 654 F.3d 794, 805-07 (8th Cir. 2011) (*en banc*). Though Judge Rogers opined that the *Copen* panel's decision on the jurisdictional issue was non-binding "advisory dictum," *Copen*, 3 F.4th at 884 (Rogers, J., concurring in part and dissenting in part), the Sixth Circuit has treated *Copen* as binding Circuit precedent. *Kellom v. Quinn*, 86 F.4th 288, 293 (6th Cir. 2023); *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022) ("The presentment requirement is not jurisdictional; instead, it is a mandatory claims-processing rule.").

federal court.  *Copen*, 3 F.4th at 883; *Kellom*, 86 F.4th at 293; *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *4-5 (6th Cir. Sept. 13, 2022).

"'[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . .'"  *Brooks v. Silva*, No. 13-6539, 2015 WL 12762112, at *2 (6th Cir. Apr. 6, 2015) (quoting 28 C.F.R. § 14.2(a)).  But merely mailing the claim is insufficient to satisfy the FTCA's exhaustion requirement.  "[V]irtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims . . . ."[10]  *Dock v. Wilson*, No. 17-11421, 2018 WL 4576678, *2 n.1 (E.D. Mich. Sept. 25, 2018) (quoting *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006)).

---

[10] *See Cooke v. United States*, 918 F.3d 77, 82 (2d Cir. 2019) ("[T]he mailbox rule is inapplicable to claims brought under the FTCA, and that therefore the mere mailing of a notice of claim does not satisfy the FTCA's presentment requirement."); *Lightwood v. United States*, 564 F.3d 625, 628 (3d Cir. 2009) ("[T]he term 'presented' . . . means more than merely mailing the claim . . . .  [A] plaintiff must demonstrate that the Federal agency was in actual receipt of the claim."); *Barber v. United States*, 642 F. App'x 411, 414 (5th Cir. 2016) ("[P]resentment requires actual receipt of the claim."); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[M]ailing is not presenting; there must be receipt."); *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (concluding that a request for reconsideration must actually be received by the federal agency because actual receipt is required when initially presenting the claim).

As far as the undersigned can discern, only the Eleventh Circuit takes a different approach.  *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238-40 (11th Cir. 2002) (allowing FTCA plaintiffs to raise a rebuttable presumption of receipt upon showing that "(1) the document was properly addressed; (2) the document was stamped; and (3) the document was mailed").

The Sixth Circuit adheres to this majority rule: actual receipt of the SF-95 "or other written notification" is needed to exhaust administrative remedies under the FTCA.  *See Willis v. United States*, No. 91-4111, 1992 WL 180181, at *2 (6th Cir. July 29, 1992) ("The mere mailing of documents does not constitute presentment . . . .").  A claimant in the Sixth Circuit "satisfies the FTCA's presentment requirement 'if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'"  *Abbott v. United States*, 78 F.4th 887, 905 (6th Cir. 2023) (Clay, J., concurring) (quoting *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)).  *See also Copen*, 3 F.4th at 883-84 (opining that "[t]he agency must be furnished with notice" and that "courts have authorized flexibility with the formalities of filing, *as long as the agency receives notice*") (emphasis added).  As mailing without actual receipt deprives the federal agency of the notice required to launch the requisite investigation, mailing alone is insufficient to exhaust remedies under the FTCA.  *See Scott v. Johnson*, No. 07-11560, 2007 WL 4219383, at *2 (E.D. Mich. Nov. 29, 2007) ("[I]f a claimant mails a notice and it is not received by the agency there is no presentment.").

As Plaintiff is the party that "must submit proof of . . . written notice," Plaintiff bears the burden of showing the federal agency received written notice. *Dragoiu v. United States*, No. 10-11896, 2013 WL 119995, at *4 (E.D. Mich. Jan.

9, 2013); *LaMarca v. United States*, 34 F. Supp. 3d 784, 792 (N.D. Ohio 2014)

(citing *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994)) ("It is plaintiff's

burden to establish . . . the federal agency's receipt of the claim.").

B.    Discussion

The exhaustion issue here does not depend on the substance of Plaintiff's

SF-95; rather, the disposition of Defendant's motion hinges entirely on whether the

"appropriate federal agency" actually received the relevant SF-95.  Indeed, the

thrust of Defendant's entire argument on this issue is that Plaintiff "cannot meet his

burden to prove that his tort claim reached any agency."  (ECF No. 271,

PageID.1856).

Plaintiff testified that he sent the SF-95 to the Torts Branch of the Civil

Division at the DOJ, but Defendant has produced a sworn declaration conveying

that the Civil Division has no record of receiving the relevant SF-95.  The SF-95 at

issue also listed the DEA, FBI, USMS, and IRS as the appropriate federal agencies.

But Defendant filed sworn declarations from representatives of each of those

agencies—as well as the United States Postal Service which also helped execute

the Artesian Street search warrants—attesting that those agencies also had no

record of the relevant SF-95.[11]  What's more is that federal regulations require the

---

[11] CIS also took part in the Artesian Street investigations.  Since Plaintiff testified that he sent only one SF-95 regarding the related searches and that SF-95 did not include CIS as an

Civil Division at the DOJ to transfer administrative tort claims it receives to the

FBI, USMS, and DEA when they are directed to those agencies.  *See* 28 C.F.R. §

14.2(b)(1); *supra* Section II.A. n.8.  The declaration from Elijah Jenkins at the DOJ

confirms that the Civil Division did this for Plaintiff when it received an

administrative claim he had against the BOP.  So had it received the relevant SF-95

from Plaintiff, it would have transferred it to the FBI, USMS, and DEA as that

form was directed, in part, to those agencies.  Yet the Civil Division never received

a SF-95 from Plaintiff to transfer to those agencies.

More importantly, Plaintiff himself admitted that he had "no idea" whether

the Civil Division or any other federal agency actually received the relevant SF-95.

Plaintiff also conveyed that he never received any response from the Civil

Division, such as a letter indicating that it transferred the SF-95 to the designated

federal agencies (like the letter the Civil Division sent to Plaintiff regarding his

administrative tort claim against the BOP, (ECF No. 271-17, PageID.1983)), or

from any of the agencies Plaintiff listed on his SF-95.

Given Plaintiff's admission, Defendant's sworn declarations, and the lack of

any response from any of the identified federal agencies indicating receipt of the

relevant SF-95, no reasonable jury could conclude that the DOJ's Civil Division or

---

"Appropriate Federal Agency," the absence of a sworn declaration from CIS is not fatal to
Defendant's argument.  Since there is no evidence that Plaintiff sent a separate SF-95 or other
written notice to CIS, it follows that he did not exhaust a related trespass claim under the FTCA.

any of the identified federal agencies actually received the SF-95 covering the events of this case. None of the evidence presented with Defendant's summary judgment motion evinces actual receipt. Without a genuine issue of material fact on the issue of actual receipt, Defendant is entitled to judgment as a matter of law.

As detailed above, Plaintiff bears the burden of showing that either the Civil Division, DEA, FBI, USMS, or even the Postal Service actually received the relevant SF-95. Defendant cites primarily to the Sixth Circuit's decision in *Petrovic v. United States*, No. 17-6186, 2018 WL 4959031 (6th Cir. June 8, 2018) in support of its position that Plaintiff failed to satisfy that burden. Finding *Petrovic* to be persuasive and analogous to this case, the undersigned agrees.[12]

In *Petrovic*, the FTCA plaintiff claimed that he submitted a SF-95 to the BOP and provided a copy of that form and tracking information in support of that claim. *Id.* at *1-2. Yet a BOP official attested, via affidavit, that he searched the BOP's database for administrative tort claims and that there was no record the BOP had received the SF-95. *Id.* at *1. The Sixth Circuit ultimately affirmed the district court's dismissal of the FTCA claim because the plaintiff "had not established that the package he sent actually included that claim or that the Bureau [of Prisons] received that claim." *Id.* at *2. *See also LaMarca*, 34 F. Supp. 3d at

---

[12] Though *Petrovic* is a pre-*Copen* decision and referred to § 2675(a) as a jurisdictional requirement, this does not change the outcome—that is, that the FTCA plaintiff failed to satisfy the requirements of § 2675(a).

790, 793 (determining that the FTCA failed to satisfy his burden to show actual receipt because of "affidavit testimony that the [agency] ha[d] searched and there [was] no record of an administrative claim").

As in *Petrovic*, Plaintiff here claims to have sent the SF-95 to the Civil Division so that it could be forwarded to the designated federal agencies (though he has not provided any related tracking information). But he has "no idea" whether the DOJ's Civil Division or any of the designated federal agencies received that SF-95. Moreover, sworn declarations from the Civil Division, DEA, FBI, USMS, and Postal Service aver that those agencies have no record of receipt for the relevant SF-95. There is no contradictory evidence in the record. Accordingly, Plaintiff has "not established that the package he sent actually included [the relevant SF-95] or that the [Civil Division and other designated federal agencies] received that claim" as required to exhaust any administrative remedies.

Having failed to satisfy his burden on the issue of exhaustion under the FTCA, Plaintiff's FTCA claim for trespass is barred as a matter of law pursuant to 28 U.S.C. § 2675(a).

## IV.    CONCLUSION

For the above-stated reasons, the undersigned **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**.

The parties here may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  May 27, 2025                          s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 27, 2025.

                                             s/Sara Krause
                                             Case Manager
                                             (810) 341-7850