UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,

       Plaintiff,
                                         Case No. 19-cv-11654
                                         Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA,

       Defendant.
_____/

**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND TO APPOINT COUNSEL (ECF No. 293) AND (2) DIRECTING GOVERNMENT TO RE-SERVE MOTION FOR SUMMARY JUDGMENT AND REPORT AND RECOMMENDATION ON PLAINTIFF**

      In this action, Plaintiff Robert K. Decker alleges that agents of Defendant United States of America trespassed on his property when the agents entered and searched his home prior to obtaining a search warrant. On May 27, 2025, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant summary judgment in favor of the Government based on Decker's failure to exhaust his administrative remedies (the "R&R"). (*See* R&R, ECF No. 292.) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wished to file objections to his recommendation, they needed to do so within 14 days. (*See id.*, PageID.2012.)

1

On June 4, 2025, Decker filed a motion to (1) appoint counsel and (2) extend time. (*See* Mot., ECF No. 293.) In that motion, Decker appears to seek "an extension of time" to respond to "Defendant's motion [for summary judgment]." (*Id.*, PageID.2104.) But the time to file a response to the Government's summary judgment motion has expired. Instead, the only relevant deadline now is the deadline to file objections to the R&R. Accordingly, the Court will construe Decker's filing as a request for an extension of time to file those objections. In his motion, Decker explained that he required counsel and additional time to respond because he did not "have access to PACER, a typewriter, or a computer." (*Id.*) Decker also said that he did "not have [access to] any of [his] legal files or the motion filed by the Defendant." (*Id.*)

The Court **GRANTS** the motion in part and **DENIES** it in part. First, the Court **DENIES** Decker's request for the appointment of counsel. There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed in such cases. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). Here, Decker has capably represented himself in this case for several years. In addition, the R&R recommended granting summary judgment on a single, discrete issue – whether Decker exhausted his

2

administrative remedies prior to filing this action – and that issue is not particularly complex. The Court believes that Decker is fully capable of responding to the R&R without counsel. In addition, while Decker says that he does not have access to a computer or typewriter, Decker has options to overcome those challenges. For example, he can handwrite his objections to the R&R. Thus, the lack of a personal computer or typewriter does not justify the appointment of counsel under these circumstances. Finally, Decker says that he does not have copies of his legal files, including the Government's motion for summary judgment. The Court will cure that issue by **DIRECTING** the Government, by no later than **June 20, 2025**, to re-serve on Decker, at his current address as reflected on the docket, (1) a full copy of its motion for summary judgment (with the accompanying exhibits) and (2) a copy of the R&R. The Government shall then file a Proof of Service on the docket indicating that it has re-served Decker with those documents. For all of these reasons, the Court concludes that Decker is not entitled to the appointment of counsel and is capable of filing his own objections to the R&R.

However, the Court understands that it may take Decker longer than a litigant represented by counsel to receive the Government's motion and R&R, review those documents, and file objections to the R&R. Accordingly, the Court will **GRANT** Decker a significant extension of time to file his objections. Instead of the typical 14-day period to file objections, the Court will grant Decker more than 90 days to

3

respond to the R&R. Decker shall file his objections to the R&R by no later than **September 5, 2025**. That is more than three months from the date Decker filed his request for an extension of time. Given this substantial extension, the Court is confident that Decker will be able to fully respond to the R&R.

    **IT IS SO ORDERED**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: June 16, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2025, by electronic means and/or ordinary mail.

                                                s/Holly A. Ryan
                                                Case Manager
                                                (313) 234-5126